FILED

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA  2011 FEB -4  P 4: 32

Alexandria Division    CLERK US DISTRICT COURT
ALEXANDRIA, VIRGINIA

)
IN RE APPLICATION OF THE UNITED   )   MISC NO. 10 GJ 3793, 1:11-DM-003
STATES OF AMERICA FOR AN ORDER )
PURSUANT TO 18 U.S.C. § 2703(d)   )   Hon. Theresa M. Buchanan
)
)   Hearing Date: February 15, 2011
)
)   UNDER SEAL
)

## GOVERNMENT'S RESPONSE IN OPPOSITION TO THE REAL PARTIES' IN INTEREST MOTION FOR IMMEDIATE UNSEALING OF MOTIONS AND UPCOMING HEARING

The United States of America, by and through its under-signed counsel, hereby opposes the motion for immediate unsealing. The parties incorrectly assert that this motion is sealed pursuant to Rule 6(e) of the Federal Rules of Criminal Procedure. This matter is sealed pursuant to the Court's Order of December 14, 2010. That order authorized disclosure by Twitter to the real parties in interest (hereinafter the "subscribers"). It did not unseal this docket or the underlying matter, and this matter should remain sealed. Sealing is necessary to protect an ongoing criminal investigation. As such, the subscriber's motion to immediately unseal this proceeding should be denied.

I. BACKGROUND

On December 14, 2010, this Court entered an Order pursuant to Title 18, United States Code Section 2703(d), directing Twitter, Inc. to disclose certain non-content records that were relevant and material to an ongoing criminal investigation. In the December 14, 2010 Order, the Court found that disclosure of the application or the Order to any person would seriously

1

jeopardize an ongoing criminal investigation. The Court ordered that the application and Order be sealed until further Order of the Court. On January 5, 2011, the Court unsealed the December 14, 2010 Order and authorized Twitter, Inc. to disclose the Order to its subscribers and customers. The January 5, 2011, Order stated that "in all other respects," the Court's December 14, 2010, Order remained in effect.

## II. ARGUMENT

There is no right of access to pre-indictment criminal proceedings. *See Baltimore Sun Co. v. Goetz*, 886 F.2d 60, 64 (4th Cir. 1989) (holding no First Amendment right to access sealed search warrant affidavit). Although certain pre-indictment investigative proceedings, *e.g.*, the presentation of a search warrant, the application for a pen register, or the supervision of a grand jury, are overseen by the judiciary, *see Morrison v. Olson*, 487 U.S. 654, 681 n.20 (1988), such proceedings have not historically been open to the public. *See Times Mirror Co. v. United States*, 873 F.2d 1210, 1214 (9th Cir. 1989) ("[T]he experience of history implies a judgment that warrant proceedings and materials should not be accessible to the public, at least while a pre-indictment investigation is still ongoing . . . ."); *see also In re Motion of Dow Jones & Co.*, 143 F.3d 496, 502-03 (D.C. Cir. 1998) (holding there is no right of access to proceedings that are ancillary to the grand jury). In fact, such proceedings are typically not public for an important reason – to protect ongoing criminal investigations. *See Times Mirror*, 873 F.2d at 1214 ("Openness may, for example, frustrate criminal investigations and thereby jeopardize the integrity of the search for truth that is so critical to the fair administration of justice."). The mere fact that the subscribers have filed a document related to an investigative proceeding does not create a right or a justification to open the proceeding, as neither the Supreme Court nor the

Fourth Circuit "has ever held that the mere filing of a document triggers [a] First Amendment guarantee of access." *ACLU v. Holder*, 652 F. Supp. 2d 654, 660 (E.D. Va. 2009).

To be sure, there is a common law presumption of access to judicial *records*. *See Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 597 (1978); *Baltimore Sun*, 886 F.2d at 65. However, "under the common law the decision to grant or deny access is 'left to the sound discretion of the trial court, a discretion to be exercised in light of the relevant facts and circumstances of the particular case.'" *Baltimore Sun*, 886 F.2d at 64 (quoting *Nixon*, 435 U.S. at 599). Sealing is appropriate "when sealing is essential to preserve higher values and is narrowly tailored to serve that interest." *Id.* at 65-66 (internal quotations and citations omitted).

One such "higher value" is the protection of an ongoing criminal investigation. Process that is issued in connection with an investigation into criminal activity serves "a compelling state interest." *In re Grand Jury Subpoena: Subpoena Duces Tecum*, 829 F.2d 1291, 1305 (4th Cir. 1987) (Wilkinson, J., concurring) (citing *Branzburg v. Hayes*, 408 U.S. 665, 700 (1972)). This is true no matter what criminal conduct is under investigation, as the compelling state interest "does not turn" on the type of crime involved. *Id.*

The secrecy of criminal investigations is an essential tool to further that interest. "[L]aw enforcement agencies must be able to investigate crime without the details of the investigation being released to the public in a manner that compromises the investigation." *Va. Dept. of State Police v. Washington Post*, 386 F.3d 567, 574 (4th Cir. 2004); *see also Times Mirror*, 873 F.2d at 1215 ("In other words, the secrecy of grand jury proceedings is maintained in large part to avoid jeopardizing the criminal investigation of which the grand jury is an integral part."); *United States v. McVeigh*, 918 F. Supp. 1452, 1457 (W.D. Okl. 1996) ("Every criminal

3

prosecution in a federal court begins with some investigation by one or more law enforcement agencies of government to develop an evidentiary base for the necessary showing of probable cause. The documents generated during the investigation and the conduct of the investigators are largely shielded from public view."). Indeed, the idea that criminal investigations should remain confidential prior to the return of a charging document is a concept that pre-dates the founding of our country, *see Douglas Oil Co. v. Petrol Stops N.W.*, 441 U.S. 211, 218 n.9 (1979), and one that has been repeatedly upheld by the courts, *see United States v. United States District Court*, 407 U.S. 297, 321-22 (1972) ("The investigation of criminal activity has long involved imparting sensitive information to judicial officers who have respected the confidentialities involved.").

Disclosure of the details of an ongoing criminal investigation, while the investigation is in its early stages, creates a significant risk that the investigation will be compromised. Prospective witnesses may become hesitant to come forward if they believe that their participation will not be held in confidence. *See id.* at 219. In addition, witnesses who do agree to participate in the investigation may change their testimony or be less likely to participate fully and fairly based on fear of public scrutiny, retribution, or inducements. *See id.* Prospective witnesses may also coordinate their stories if they are aware of the subject matter of the investigation. *See Times Mirror*, 873 F.2d at 1215. Other individuals may become aware that they are targets of the investigation, or potential witnesses, and they may attempt to flee or change their behavior to further impede the investigation. *See Douglas Oil*, 441 U.S. at 219. Individuals may also learn how the investigation is conducted, allowing potential targets to try to avoid detection. *See id.* at 219 & n.10. Finally, and perhaps most importantly, secrecy is necessary to protect the privacy of individuals who are investigated but not charged. *See id.* At

the early stages of an investigation, prior to the return of an indictment and while the investigation is still developing evidence, these concerns are especially acute. *See Times Mirror*, 873 F.2d at 1215 ("We believe that secrecy is no less important to the process of investigating crime for the purpose of obtaining evidence to present to a grand jury.").

In recognition of society's compelling interest in the secrecy of criminal investigations, both the Courts and Congress have created strong protections for proceedings that involve investigative matters. For instance, Federal Rules of Criminal Procedure 6(e)(5) and 6(e)(6) require the sealing of any hearing that would disclose a matter occurring before a grand jury. The advisory committee notes make clear that Rule 6 codified a longstanding tradition of secrecy. Fed. R. Crim. P. 6 advisory committee's note (1944). In addition, Rule 6(e)(6) was expanded to ensure the secrecy of orders and subpoenas related to grand jury investigations. *See* Fed. R. Crim. P. 6 advisory committee's note (1983). This amendment was to "[address] a serious problem of grand jury secrecy," namely that process issued in relation to a grand jury proceeding was not uniformly kept under seal.[1] *Id.*

Courts have also routinely protected investigations by holding hearings related to investigations either *ex parte* or under seal. For instance, the presentation of search warrants, the presentation of applications for wiretaps, and the presentation of applications for pen registers are all routinely held *ex parte*. The same is true for the presentation of the application and order in this case. In addition, grand jury matters, including challenges to grand jury subpoenas issued by a third party, are routinely sealed. *See Dow Jones*, 142 F.3d 496, 502 & n.9 (D.C. Cir. 1998).

---

[1] The advisory committee notes indicate that, at the time Rule 6(e)(6) was adopted, approximately 90 percent of the districts polled by the advisory committee kept grand jury subpoenas under seal.

This Court's own local rules explicitly recognize an interest in the secrecy of pending investigations, by limiting public disclosures made by attorneys who participate in such matters. *See* E.D. Va. Loc. Cr. R. 57.1(B) (requiring lawyers involved with pending investigatory matters to refrain from making any extrajudicial statements regarding the matter where there is a reasonable likelihood the statements would be disseminated publicly and the statements do not "aid in the investigation"); *see also* E.D. Va. Loc. Cr. R. 49 (stating that no motion to seal is required for matters made confidential by law and that no hearing is required on sealing such matters).

The fact that the Court's December 14, 2010 Order is now unsealed is of no moment. The Order discloses that the Government seeks records related to the subscribers, and, by implication, the existence of an investigation. This latter fact was already a matter of public record at the time the sealing Order was issued.[2] The subscribers, however, seek to litigate the content of the Government's investigation. *See* Mot. to Vacate at 4. They also seek to raise alleged factual defenses regarding their conduct. Their stated purpose is to "enlighten the public" regarding the Government's investigation. Mot. For Unsealing of Sealed Court Records at 10. Litigation of those issues in open Court would cause the precise harms that secrecy protects against. *See Douglas Oil*, 441 U.S. at 219; *Times Mirror*, 873 F.2d at 1215. Notwithstanding the subscribers, other witnesses or targets may learn additional facts regarding the investigation which could affect the integrity of the investigation going forward. This constitutes a compelling government interest that justifies maintaining this matter, and related

---

[2]The Attorney General publicly confirmed the existence of an investigation into disclosures of classified information made by Wikileaks on November 29, 2010.

litigation, under seal. *See ACLU*, 652 F. Supp. 2d at 665 (noting that sealing can safeguard "ongoing law enforcement operations" and that protecting such operations is a "compelling interest under Fourth Circuit law").

Maintaining the seal on this proceeding until a charging document is filed[3] is also "narrowly tailored" to preserve the government's interest in its investigation, and there are no less drastic options that will preserve that interest. The Government requests that the matter remain sealed until its investigation concludes and charging decisions are made. Sealing the matter until that time will allow the Government to proceed without the risk of influencing additional witnesses or additional potential subjects of the investigation. Other alternatives, such as unsealing only the subscriber's pleadings or redacting pleadings, could reduce, but not eliminate, these risks. Additionally, sealing the investigation for that relatively brief period will not unduly burden the public or the subscribers. *See Media Gen. Operations v. Buchanan*, 417 F.3d 424, 431 (4th Cir. 2005).

The subscriber's argument that this proceeding is not covered by Rule 6(e) is irrelevant.[4]

---

[3]The Court's December 14, 2010 Order states that the matter is sealed until further Order of the Court. The Government will move to unseal this matter promptly after the filing of a charging document against all targets of the investigation, or, if no charging document is filed, promptly after the decision not to bring charges is made.

[4]Though the Government does not believe this matter was docketed as a sealed matter under Federal Rule of Criminal Procedure 6, the contention of the subscribers that this hearing would not disclose "a matter occurring before the grand jury" is incorrect. In *In re Grand Jury Subpoena*, the Fourth Circuit held that information related to a grand jury investigation but obtained through legal process is a "matter occurring before the grand jury" unless that process was "essentially independent of the grand jury proceedings." 920 F.2d 235, 243 (4th Cir. 1990). Here, the Order was not requested or issued as part of an independent investigation. Additionally, the subscribers seek to learn about and litigate additional process issued by the grand jury. Thus, the subscribers seek to learn additional information that is being considered by the grand jury, information which is at the heart of Rule 6(e). *See In re Grand Jury Proceedings*,

Criminal investigations are not kept secret because they are conducted by grand juries; rather, grand jury proceedings are kept secret because they are criminal investigations. This proceeding is also part of an ongoing criminal investigation, and the pleadings, as well as the hearing itself, will contain significant information regarding details of the Government's investigation. Because release of such information could compromise the Government's investigation, and because sealing the proceedings until the investigation concludes is narrowly tailored to protect that interest, the proceeding should be held under seal.

---

503 F. Supp. 2d 800, 808 (E.D. Va. 2007). Moreover, the subscribers' stated purpose is to learn more information about the investigation. *See* Mot. For Unsealing of Sealed Court Records at 9-10. To the extent they are successful, such litigation would disclose "the direction of the grand jury investigation in the near future," which is also information protected by Rule 6(e). *See United States v. Rosen*, 471 F. Supp. 2d 651, 655 (E.D. Va. 2007). Finally, the claim of the subscribers that they are not covered by Rule 6(e)'s secrecy requirement is irrelevant to this proceeding. A judicial sealing order regarding a proceeding ancillary to a grand jury investigation does not violate Rule 6(e). *See In re Grand Jury Subpoena*, 103 F.3d 234, 240 (2d Cir. 1996).

8

III. CONCLUSION

For the reasons stated herein, the subscriber's motion to unseal the proceeding should be denied. The Government also requests that the Court state its reasons for keeping the hearing under seal on the record, but also under seal, pursuant to *Media Gen. Operations*, 417 F.3d at 431.

        Respectfully submitted,

        Neil H. MacBride
        United States Attorney

By:     /s/
        Andrew Peterson
        John S. Davis
        Assistant United States Attorneys
        United States Attorney's Office
        2100 Jamieson Avenue
        Alexandria, Virginia 22314
        (703) 299-3700

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the foregoing Opposition was filed with the Clerk of the Court on February 4, 2011, and a copy of this filing was e-mailed to opposing counsel at the following addresses:

John K. Zwerling
Stuart Sears
Zwerling, Liebig & Moseley, P.C.
108 N. Alfred Street
Alexandria, VA 22314
JZ@Zwerling.com
Counsel for Jacob Appelbaum

Johnathan Shapiro
Greenspun, Shapiro, Davis, & Leary
3955 Chain Bridge Rd
Second Floor
Fairfax, VA 22030
Js@greenspunlaw.com
Counsel for Birgitta Jonsdottir

Nina J. Ginsberg
Dimuro Ginsberg P.C.
908 King Street, Suite 200
Alexandria, VA 22314
nginsberg@dimuro.com
Counsel for Rop Gonggrijp

Rebecca K. Glenberg
ACLU of Virginia Foundation, Inc.
530 E. Main Street, Suite 310
Richmond, VA 23219
rglenberg@acluva.org

_____/s/_____
Andrew Peterson
John S. Davis
Assistant United States Attorneys
2100 Jamieson Avenue
Alexandria, VA 22314
Phone: (703) 299-3700
Fax: (703) 299-3982