FILED

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF VIRGINIA

ALEXANDRIA DIVISION

2011 FEB -7 ☐ 4: 35

CLERK US DISTRICT COURT
ALEXANDRIA. VIRGINIA

IN RE APPLICATION OF THE UNITED
STATES OF AMERICA FOR AN ORDER
PURSUANT TO 18 U.S.C. § 2703(d)

MISC NO. 10GJ3793, 1:11-DM-003

DECISION REQUESTED PRIOR TO
FEBRUARY 15, 2011

FILED UNDER SEAL

**REPLY IN SUPPORT OF MOTION OF REAL PARTIES IN INTEREST FOR
IMMEDIATE UNSEALING OF MOTIONS AND UPCOMING HEARING RELATED
TO THE UNSEALED COURT ORDER OF DECEMBER 14, 2010**

Parties seek merely to unseal their own motions and the February 15, 2011 hearing on

those motions arising from a public Order issued under 18 U.S.C. §2703(d). They seek

unsealing because there is simply no secret information contained in or implicated by their

motions. The Court has already unsealed the key underlying facts, apparently at the

government's request. The existence of the December 14, 2010 Order seeking information about

Parties use of the Twitter.com service and the Order's relationship to the government's

investigation into Wikileaks are already public and have been widely discussed in the press.[1]

Parties' request is based on the longstanding Supreme Court and Fourth Circuit precedent

holding that judicial proceedings should be as open to the public as possible, and the fact that

forbidding them from speaking about their own motions — which contain no secret information

since the Parties have access to none— creates First Amendment harm. Parties renew their

request for a decision on this motion prior to the February 15, 2011 hearing so that the hearing

itself can be conducted on the public record.

If material will not reveal what actually has transpired before a grand jury, its disclosure

is not an invasion of the protective secrecy of the proceedings. *See In re Grand Jury*

---

[1] Although the government claims that the December 14 Order has sealed this entire matter, *see*
Response at 7 n.3, that is not correct. The December 14 Order expressly says that "the
application and this Order are sealed," not that the entire matter is sealed. Dec. 14 Order at 2.

1

*Proceedings*, 503 F. Supp. 2d 800, 808 (E.D. Va. 2007) (quotation omitted).  The government's position that all matters relating to the December 14 Order need to be sealed is directly contrary to the Court's prior ruling that access to the December 14 Order is "in the best interest of the investigation," *see* Jan. 5 Order — a ruling conspicuously ignored by the government.

Moreover, the government here has simply not met its burden to demonstrate that unsealing these two motions will reveal information about what has transpired before the grand jury in addition to what the Court has already revealed. That the government seeks information about Parties' use of the Twitter.com service is not secret: the Court unsealed that fact.  That the government seeks the information in connection with an investigation into Wikileaks is also not secret: that is revealed on the face of the Order, and has also been publicly announced by the Attorney General of the United States.  *See* Response at footnote 2.  There is plainly no secret information in the motions brought by Parties; nor, for that matter, is there any secret information in the government's response filed on Friday, February 5.

In response, the government makes no specific or even general showing of any secret in the grand jury proceeding or its criminal investigation that would be revealed should the two motions filed by the Parties be unsealed and the upcoming hearing on February 15, 2011 be opened. The Fourth Circuit has repeatedly emphasized that sealing must be justified by a particularized showing of the need for secrecy. *See, e.g.*, *Baltimore Sun v. Goetz*, 886 F.2d 60, 65-66 (4th Cir. 1989).  But the government does not even try to explain how the contents of Parties' motions, which contain no non-public information, could actually harm its investigation. Nor could it.  Parties do not know any additional details about the government's investigation, other than what is revealed by the December 14 Order.

Instead, the government simply repeats boilerplate caselaw concerning secrecy in other situations – most specifically grand jury hearings.  But even if Parties were grand jury witnesses with significantly more access and knowledge of the inquiry of the grand jury than Parties here have -- they undisputedly are not -- sealing of Parties' motions would still be improper, since grand jury witnesses are not barred from disclosing materials. Fed. R. Crim. P. 6, 1944 Advisory Committee Note to Subdivision (e) ("The rule does not impose any obligation of secrecy on

witnesses."); *see also Butterworth v. Smith,* 494 U.S. 626, 635-36 (1990) (holding that a state statute prohibiting grand jury witnesses from disclosing their grand jury testimony violated the witness's "First Amendment right to make a truthful statement of information he acquired on his own").  Thus, the government seeks to enforce even more secrecy on the Parties here than it would constitutionally be able to enforce were they grand jury witnesses.

In essence, the government seeks to have it both ways:  to gain the political and public relations benefits of disclosing to the public the fact of the underlying investigation into Wikileaks and the fact that they seek Parties' information from Twitter.com, yet deny Parties the opportunity to provide the public with the arguments they have marshaled against this effort. This attempt to use secrecy as both a sword and a shield should not stand.

## CONCLUSION

For the foregoing reasons, the Court should immediately unseal this motion and the January 26 motions, and order that the hearing on the motions be open to the public.

Dated:

By: _____

John K. Zwerling, VSB No. 8201
Stuart Sears, VSB No. 71436
ZWERLING, LEIBIG & MOSELEY, P.C.
108 North Alfred Street
Alexandria, VA  22314
Telephone:      (703) 684-8000
Facsimile:      (703) 684-9700
Email:      JZ@Zwerling.com
Email:      Chris@Zwerling.com
Email:      Andrea@Zwerling.com
Email:      Stuart@Zwerling.com

John W. Keker (admitted *pro hac vice*)
Rachael E. Meny (admitted *pro hac vice*)
Steven P. Ragland (admitted *pro hac vice*)
KEKER & VAN NEST LLP
710 Sansome Street
San Francisco, CA  94111-1704
Telephone:      (415) 391-5400
Facsimile:      (415) 397-7188
Email:      jkeker@kvn.com
Email:      rmeny@kvn.com
Email:      sragland@kvn.com

**Attorneys for JACOB APPELBAUM**

4

Dated:

By: _____

Nina J. Ginsberg, VSB No. 19472
DIMUROGINSBERG, P.C.
908 King Street, Suite 200
Alexandria, VA 22314
Phone: 703-684-4333
Fax:    703-548-3181
Email: nginsberg@dimuro.com

John D. Cline (admitted *pro hac vice*)
LAW OFFICE OF JOHN D. CLINE
115 Sansome Street, Suite 1204
San Francisco, CA  94104
Phone:  415.322.8319
Fax:  415.524.8265
Email:  cline@johndclinelaw.com

K.C. Maxwell (admitted *pro hac vice*)
LAW OFFICE OF K.C. MAXWELL
115 Sansome Street, Suite 1204
San Francisco, CA  94104
Phone:  415.322.8817
Fax:  415.888.2372
Email:  kcm@kcmaxlaw.com

**Attorneys for ROP GONGGRIJP**

Dated:

By: _____

Rebecca K. Glenberg, VSB No. 44099
AMERICAN CIVIL LIBERTIES UNION
    OF VIRGINIA FOUNDATION, INC.
530 E. Main Street, Suite 310
Richmond, Virginia 23219
Telephone: (804) 644-8080
Facsimile: (804) 649-2733
Email: rglenberg@acluva.org

Jonathan Shapiro
GREENSPUN, SHAPIRO, DAVIS
    & LEARY, P.C.
3955 Chain Bridge Road
Second Floor
Fairfax, VA 22030
Telephone: (703) 352-0100
Facsimile: (703) 591-7268
Email: js@greenspunlaw.com

Cindy A. Cohn (admitted *pro hac vice*)
Lee Tien (admitted *pro hac vice*)
Kevin S. Bankston (admitted *pro hac vice*)
Marcia Hofmann (admitted *pro hac vice*)
ELECTRONIC FRONTIER FOUNDATION
454 Shotwell Street
San Francisco, CA 94110
Telephone: (415) 436-9333 x108
Facsimile: (415) 436-9993
Email: cindy@eff.org
Email: tien@eff.org
Email: bankston@eff.org
Email: marcia@eff.org

Aden J. Fine (admitted *pro hac vice*)
Benjamin Siracusa-Hillman (admitted *pro hac vice*)
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION
125 Broad Street, 18th Floor
New York, NY 10004
Telephone: (212) 549-2500
Facsimile: (212) 549-2651
Email: afine@aclu.org
Email: bsiracusahillman@aclu.org

**Attorneys for BIRGITTA JONSDOTTIR**

6

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing motion was sent via e-mail this 7th day of February, 2011, to:

Andrew Peterson, Esq.
John S. Davis, Esq.
Assistant United States Attorney
600 East Main Street
Suite 1800
Richmond, VA 23219-2447
Ph: 804-819-7431
Andy.Peterson@usdoj.gov
John.S.Davis2@usdoj.gov

Stuart Alexander Sears

7