FILED

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF VIRGINIA

2011 FEB 14 ℗ 4: 58

CLERK US DISTRICT COURT
ALEXANDRIA, VIRGINIA

Alexandria Division

| | | |
|---|---|---|
| IN THE MATTER OF THE | ) | |
| §2703(d) ORDER RELATING TO | ) | MISC. NO. 10GJ3793 |
| TWITTER ACCOUNTS: | ) | No. 1:11DM3 (Judge Buchanan) |
| WIKILEAKS, ROP_G; IOERROR; | ) | |
| AND BIRGITTAJ | ) | **UNDER SEAL** |

## GOVERNMENT'S POSITION ON UNSEALING OF
## RECORDS FILED UNDER DOCKET NUMBER 1:11-DM-0003

The United States of America, by and through Neil H. MacBride, United States Attorney,

Eastern District of Virginia, and John S. Davis and Andrew Peterson, Assistant United States

Attorneys, hereby responds to the Court's Order that the Parties identify pleadings that have

been filed under docket number 1:11-DM-0003 that should remain under seal.[1]  A proposed

Order is attached.

1. As detailed below, the government's application in this matter should remain under

seal.  In addition, the Government's Response in Opposition to Motion of Real Parties-in-

Interest For Unsealing of Sealed Court Records (docket No. 22), and Twitter, Inc.'s Motion for

Clarification (docket No. 24) should remain under seal, but redacted versions of those documents

---

[1] In the government's February 4, 2011, Response In Opposition to the Real Parties' In Interest
Motion for Immediate Unsealing of Motions and Upcoming Hearing (Gov't Resp.), the
government objected to unsealing the February 15, 2011 hearing as well as the related pleadings,
on the basis that proceedings ancillary to criminal investigations should remain under seal while
the investigation is ongoing.  *See* Gov't Resp. at 4-8.  On February 7, 2011, the Court ordered
that the Real Parties- in-Interest motions would be unsealed and that the February 15, 2011
hearing would be open to the public.  On February 9, 2011, the Court ordered that the parties
submit a statement specifying which pleadings in the case should remain sealed.  The
government maintains that the proceedings, as well as all related pleadings, should remain under
seal.  To the extent the Court's Order of February 9, 2011 denied this request, however, the
government submits his pleading.  Nothing in this position is meant to waive the government's
objection, which is renewed, for the reasons stated in its February 4 pleading.



34

(Exhibit A and B, attached) may be filed for the public record. The remaining documents may be unsealed.

2. The government's original application under Title 18, Section 2703, referenced in the December 14, 2010 Order ("the Application"), should remain *ex parte* and under seal for the reasons stated in the Application, and because the Application sets forth facts and sensitive details of an ongoing criminal investigation. The government's representations made in the Application, pursuant to 18 U.S.C. § 2705(b) and Local Crim. Rule 49, as to why it must be sealed, remain valid. Further, where the unsealing of a document will disclose facts regarding a criminal investigation that are not known to the public, sealing is appropriate. *See Va. Dept. of State Police v. Washington Post*, 386 F.3d, 567, 579 (4th Cir. 2004); *ACLU v. Holder*, 653 F. Supp. 2d 654, 65-66 (E.D. Va. 2009) (sealing appropriate when disclosure would disrupt an ongoing criminal investigation). If the Court requires additional factual information from the government regarding why sealing is appropriate, the government will promptly provide such reasons to the Court *ex parte*.

3. The Government's Response in Opposition to Motion of Real Parties in Interest For Unsealing of Sealed Court Records, currently docketed at #22, should remain under seal. Nonetheless, a partially redacted version of docket No. 22, attached as Exhibit A, may be filed as part of the public record. *See* Fed. R. Crim. P. 49.1(d) (court may order filing of redacted version of sealed document for public record). The redacted portions of the government's pleading indicate that, insofar as the proper law to apply to the real parties'-in-interest motion, they are akin to subjects of an ongoing criminal investigation. An important reason for investigative secrecy is that individuals who may be subjects of an investigation but are later

2

exonerated should be protected from public exposure. *See Douglas Oil Co. v. Petrol Stops N.W.*, 441 U.S. 211, 219 (1979). Though some of the real parties-in-interest have sought to maximize, rather than minimize, the public exposure of this matter, the redacted portions of docket #22 could be construed as statements of the government regarding their status. Regardless of the real parties'-in-interest subjective beliefs, statements by the government about investigative status are likely to receive special attention. Such information is properly sealed. *Cf.* E.D. Va. Local Crim. R. 57.1(b).[2]

4.  Twitter, Inc.'s Motion for Clarification, currently docketed at #24, should remain under seal. Nonetheless, a partially redacted version of docket No. 24, attached as Exhibit B, may be filed as part of the public record. *See* Fed. R. Crim. P. 49.1(d) (court may order filing of redacted version of sealed document for public record). The certificate of service attached to docket Number 24 contains the e-mail address of an Assistant United States Attorney, which should be redacted. In addition, Exhibit 1 to docket No. 24 consists of this Court's December 14, 2010 Order, as well as a fax cover sheet.[3] Redaction of personal identifiers and the fax cover sheet is requested for the following reasons. When the Court's December 14, 2010 Order was first unsealed, this fax cover sheet was posted to the Internet, sparking a campaign of harassment. To avoid further disruption of investigation resources, such information is properly redacted.

---

[2] The government does not believe that this requires the sealing of the real parties'-in-interest reply pleadings, as those pleadings contain the real parties'-in-interest characterization of their status and are not government statements.

[3] The real parties'-in-interest also attached the Court's December 14, 2010 Order to their pleadings. However, they omitted the fax cover sheet.

5. Two other documents that relate to this proceeding do not currently appear on the docket for case number 1:11-DM-0003. Those documents are: (1) the Court's December 14, 2010 Order which was previously unsealed; and (2) the government's Motion to Unseal the Order Pursuant to 18 U.S.C. § 2703(d). The government's motion may be unsealed.

WHEREFORE, for the reasons stated, pursuant to the Court's February 7, 2011 Order unsealing the February 15, 2011 hearing and the Court's February 9, 2011 Order, and subject to the government's objection to unsealing this proceeding and all related pleadings, all documents filed under case number 1:11-DM-0003 may be unsealed, except for the Application and docket numbers 22 and 24. Redacted versions of docket numbers 22 and 24, attached Exhibits A and B, may be publicly filed. Finally, the Court may unseal the government's Motion to Unseal the Order Pursuant to 18 U.S.C. § 2703(d), which does not appear on the docket sheet. A proposed Order is attached.

Respectfully submitted,

Neil H. MacBride
United States Attorney

By: _____/s/_____
John S. Davis
Andrew Peterson
Assistant United States Attorneys
United States Attorney's Office
2100 Jamieson Avenue
Alexandria, Virginia  22314
(703) 299-3700

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

IN RE THE MATTER OF THE 2703(d)      )
ORDER RELATING TO TWITTER            )      Case No.: 1:11-DM-0003
TWITTER ACCOUNTS WIKILEAKS,          )
ROP_G, IOERROR, AND BIRGITTAJ        )      **UNDER SEAL**

### [Proposed] ORDER TO SEAL

The UNITED STATES, pursuant to Local Rule 49(B) of the Local Criminal Rules for the
United States District Court for the Eastern District of Virginia, having renewed its request to
seal the government's application for an Order pursuant to 18 U.S.C. § 2703(d) ("the
Application"), as well as portions of the records filed at docket #22 and docket #24 under case
number 1:11-DM-0003, and

The COURT, having considered the government's submissions, including the facts
presented by the government in the Application and the reasons presented in both the
Application and subsequent pleadings; having found that revealing the material sought to be
sealed would jeopardize an ongoing criminal investigation by revealing facts that are not
currently public and revealing the nature and scope of the investigation; having considered the
available alternatives that are less drastic than sealing, and finding none would suffice to protect
the government's legitimate interest in conducting the investigation; and having found that this
legitimate government interest outweighs at this time any interest in the disclosure of the
material; and

Further, the COURT, having considered the government's submissions and having found
that redaction of personal identifiers is necessary to prevent disruption of an ongoing criminal
investigation; it is hereby

ORDERED, ADJUDGED, and DECREED that, the Application, docket numbers 22 and

5

24, the Government's Position on Unsealing filed February 14, 2011, and this Order be sealed until a charging document is filed. All remaining documents filed under 1:11-DM-0003 are hereby unsealed. The Clerk of the Court is hereby directed to file redacted versions of docket numbers 22 and 24.

.

                                         _____

                                         The Honorable Theresa C. Buchanan
                                         United States Magistrate Judge

Date: _____
       Alexandria, Virginia

6

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the foregoing Objection was filed with the

Clerk of the Court on February 14, 2011, and a copy of this filing was e-mailed to opposing

counsel at the following addresses:

John K. Zwerling
Stuart Sears
Zwerling, Liebig & Moseley, P.C.
108 N. Alfred Street
Alexandria, VA 22314
Stuart@zwerling.com
Counsel for Jacob Appelbaum

Nina J. Ginsberg
Dimuro Ginsberg P.C.
908 King Street, Suite 200
Alexandria, VA 22314
nginsberg@dimuro.com
Counsel for Rop Gonggrijp

Johnathan Shapiro
Greenspun, Shapiro, Davis, & Leary
3955 Chain Bridge Rd
Second Floor
Fairfax, VA 22030
Js@greenspunlaw.com
Counsel for Birgitta Jonsdottir

_____/s/_____
John S. Davis
Assistant United States Attorney
2100 Jamison Avenue
Alexandria, VA 22314
Phone: (703) 299-3700

# EXHIBIT A

FILED

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

CLERK US DISTRICT COURT
ALEXANDRIA, VIRGINIA

IN THE MATTER OF THE              )
§2703(d) ORDER RELATING TO        )      MISC. NO. 10GJ3793
TWITTER ACCOUNTS:                 )      No. 1:11DM3 (Judge Buchanan)
WIKILEAKS; ROP_G; IOERROR;        )
AND BIRGITTAJ                     )      Hearing:  February 15, 2011
                                  )      10:30 a.m.
                                  )
                                  )      **UNDER SEAL**

## GOVERNMENT'S RESPONSE IN OPPOSITION TO THE REAL PARTIES' IN INTEREST MOTION FOR UNSEALING OF SEALED COURT RECORDS

The United States of America, by and through its under-signed counsel, hereby opposes the motion to unseal. The Parties in Interest (hereinafter the "subscribers") seek to unseal court documents so that they may identify witnesses in an ongoing criminal investigation and publicly air the contents of a grand jury investigation. Such a request is preposterous. If an individual involved in any other criminal case petitioned a court to unseal materials that identified witnesses or potential witnesses, for the purpose of subjecting the witness to public scrutiny regarding their cooperation with law enforcement, *see* Mot. of Real Parties In Interest for Unsealing of Sealed Court Records ("Mot. for Unsealing") at 3, that individual would be laughed out of court. The sealed materials requested by the subscribers include information about a criminal investigation that is protected from disclosure by an Order of this Court and sound public policy. Those materials are properly sealed, and should remain so until the investigation concludes. Thus, the subscribers' motion to unseal should be denied.

### I. BACKGROUND

On December 14, 2010, this Court entered an Order pursuant to Title 18, United States

1

Code Section 2703(d), directing Twitter, Inc. to disclose certain non-content records that were relevant and material to an ongoing criminal investigation. In the December 14, 2010 Order, the Court found that disclosure of the application or the Order to any person would seriously jeopardize an ongoing criminal investigation. The Court ordered that the application and Order be sealed until further Order of the Court. On January 5, 2011, the Court unsealed the December 14, 2010 Order and authorized Twitter, Inc. to disclose the Order to its subscribers and customers. The January 5, 2011, Order stated that "in all other respects," the Court's December 14, 2010, Order remained in effect. After the Order was unsealed, it was released by unknown persons to the media. Intense public scrutiny of the investigation resulted, including calls by one subject of the Order and various media outlets for potential government witnesses to identify themselves. *See, e.g.*, Peter Beaumont, "Wikileaks demands Google and Facebook unseal US subpoenas," *The Guardian*, January 8, 2011, *available at* http://www.guardian.co.uk/media/2011/jan/08/wikileaks-calls-google-facebook-us-subpoenas.

II. ARGUMENT

    A. The Subscribers Lack Standing to Move to Unseal Unspecified Other Orders and Pleadings, and Cannot Manufacture One By Claiming an Otherwise Non-existent Right to Notice.





The subscribers seek to elide their lack of injury from a sealing order directed at a third party by simply asking the Court first to seek out other sealing orders which they may wish to

3

challenge, and next to vacate them. The subscribers allege this work is necessary so that they can assert substantive challenges to the underlying orders, if they exist. However, even if the subscribers' substantive challenge to the December 14, 2010 Order had merit, which it does not, there is no corresponding right to notice of other process that has been issued. *See S.E.C. v. Jerry T. O'Brien, Inc.*, 467 U.S. 735, 750 (1984) (rejecting right to notice of subpoena directed at third party by target of investigation even though it would "[prevent] some persons under investigation . . . from asserting objections to subpoenas . . . ."); *Swearingen*, 605 F.2d at 127 (holding target of grand jury investigation has no right to know whether third party has provided evidence against him or her); *United States v. Clem*, 210 F.3d 373, 2000 WL 353508, at *5 (6th Cir. Mar. 31, 2000) ("[Defendant] invites us to extend this logic to a constitutional right to receive notice of grand jury proceedings where a client may wish to assert his [right to quash]. But Clem cites no cases endorsing such a right, nor does our research reveal any.").

The cases cited by the subscribers regarding quashing a subpoena to a third party are inapposite. (Parties' Mot. For Unsealing at 13-14.) Those cases stand for the proposition that an organization may sometimes have standing to challenge a third-party subpoena that would reveal its membership. Here, none of the subscribers is an organization, and none of the subscribers seeks to vindicate the rights of non-parties to the litigation. Thus, there is no reason why these cases would override the specific holding in *Swearingen*. Additionally, none of those cases held that an organization has a right to notice of subpoenas or Orders that had been issued, and this Court should decline the subscribers' invitation to create one.

> B. The Records in This 2703(d) Matter Were Properly Sealed and Are Properly Maintained Under Seal Until After the Investigation is Concluded.

4

The subscribers do not dispute that the sealed records are part of an ongoing criminal investigation. As noted in the government's Response in Opposition to the subscribers' Motion for Immediate Unsealing of Motions and Upcoming Hearing ("Gov't Opp. to Mot. For Immediate Unsealing"), the proceedings related to the Court's December 14, 2010 Order are properly sealed. The subscribers also seek to unseal any other orders or records related to them. Those records, to the extent they exist, are also properly sealed. To seal a judicial record, the sealing must be "essential to preserve higher values and is narrowly tailored to serve that interest." *See Baltimore Sun*, 886 F.2d at 66-67.

"Fair and effective law enforcement . . . is a fundamental function of government." *See Branzburg v. Hayes*, 408 U.S. 665, 690 (1972). The secrecy of investigations is important for a number of reasons, *see* Gov't Opp. To Mot. For Immediate Unsealing at 3-5, but "[o]ne important reason for this desire to maintain secrecy is to encourage free and untrammeled disclosures by persons who have information with respect to the commission of crimes." *United States v. Penrod*, 609 F.2d 1092, 1096 (4th Cir. 1979) (internal quotations and citations omitted). The subscribers' request would identify other witnesses, if any, who the government or the grand jury had requested to provide evidence. The chilling effect on potential witnesses of such a disclosure would undermine a fundamental government interest. *See In re Grand Jury Investigation of Cuisinarts, Inc.*, 665 F.2d 24, 27-28 (2d Cir. 1981) (noting prevention of influence on potential witnesses is fundamental justification for secrecy of investigations); *see also see In re Grand Jury Subpoena: Subpoena Duces Tecum*, 829 F.2d 1291, 1305 (4th Cir. 1987) (Wilkinson, J., concurring) (noting issuance of process serves society's compelling interest in law enforcement). Prior to entering the Order, the Court reviewed the application. Both Local

5

Rule 49 and section 2705(b) require that a request for a sealing order state the basis for why

sealing is necessary. The government did so, and the Court's Order specifically found that

disclosure of the application would jeopardize an ongoing criminal investigation. No further

procedure is required. *See Media Gen. Operations, Inc. v. Buchanan*, 417 F.3d 424, 430 (4th

Cir. 2005).

Sealing until the investigation concludes is also narrowly tailored to serve that interest.

The subscribers state that document-by-document redaction and review would better protect their

interests. To the extent the subscribers seek information regarding the general format of requests

for 2703(d) orders, such information is already publicly available on the Department of Justice's

website. *See* http://www.justice.gov/criminal/cybercrime/ssmanual/ 06ssma.html. What the

subscribers actually seek is the factual information within the order. As the Court has already

found, however, the release of that information would jeopardize an ongoing investigation.

When the investigation concludes, the need for sealing will be significantly reduced. The

government will move for unsealing at that time.

The subscribers' primary argument in favor of unsealing is not a legal argument. Their

primary argument is that continued sealing of records related to the subscribers is no longer

necessary because any damage that could occur to the investigation from unsealing those records

has already occurred from the unsealing of this Court's December 14, 2010 Order. However, the

unsealing of the December 14, 2010 Order, revealed very little about the investigation. It did not

reveal the targets of the investigation. ████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

All of this information concerns

subjects the subscribers seek to publicly litigate, and all of this information has been the subject

of intense public and media speculation. Such publicity can intimidate or deter witnesses from

coming forward, result in witness collusion, or lead to intimidation of grand jury members. *See*

*Douglas Oil Co. v. Petrol Stops N.W.*, 441 U.S. 211, 218 (1979). Such improper influences

undermine the integrity and independence of the criminal justice system. *See Times Mirror Co.*

*v. United States*, 873 F.2d 1210, 1213 (9th Cir. 1989).

Subscribers have not cited a single case that suggests pre-indictment investigative

documents should be unsealed in the midst of the investigation. The only case cited by the

subscribers that relates to sealing at all discusses the unsealing of sentencing records, where the

information in the records was made public in the course of a criminal trial, as well as at a public

sentencing hearing. *See United States v. James*, 663 F. Supp. 2d 1018, 1021 (W.D. Wash. 2009).

That is not the case here, where no charges have been filed and an investigation is ongoing.

"[L]aw enforcement agencies must be able to investigate crime without the details of the

investigation being released to the public in a manner that compromises the investigation." *Va.*

*Dept. of State Police v. Washington Post*, 386 F.3d 567, 574 (4th Cir. 2004).

C. There Is No First Amendment or Common Law Right To Access Sealed
Investigative Materials While an Investigation is Pending.

There is no First Amendment right of access to either § 2703(d) orders or the affidavits

7

filed in support of them. Neither the Fourth Circuit or the Supreme Court has ever held that there is a First Amendment right of access to investigative documents or proceedings prior to the filing of criminal charges. For a First Amendment right of access to a record to exist, (1) the place or process must have been historically open to the press and public, and (2) public access must play a significant positive role in the particular process. *See Baltimore Sun v. Goetz*, 886 F.2d 60, 63-64 (4th Cir. 1989). There is nor right to access § 2703(d) orders, as neither necessary factor is met.

There is no history of openness in § 2703(d) proceedings. Section 2703(d) applications are traditionally submitted *ex parte* and *in camera*. In addition, the statute specifically authorizes the government to obtain an order denying notice to anyone, including the public, about the existence of a § 2703(d) order and application that does not seek the content of any communications. *See* 18 U.S.C. § 2705(b). These factors alone are sufficient to defeat the subscribers' First Amendment challenge. *See Baltimore Sun*, 886 F.2d at 63; *see also In re Application of the N.Y. Times Co. to Unseal Wiretap & Search Warrant Materials*, 577 F.3d 401, 410 (2d Cir. 2009) (holding no First Amendment right of access to wiretap materials where applications were created by statute and statute also had protective scheme); *In re Motions of Dow Jones & Co.*, 142 F.3d 496, 502-03 (D.C. Cir. 1998) (holding no First Amendment right to access proceedings that are ancillary to a grand jury investigation because they lack a tradition of openness).

However, the subscribers also fail the second portion of the test. Investigations are secret for a reason - because secrecy is necessary to protect the investigative process. *In re Macon Telegraph Pub. Co.*, 900 F. Supp. 489, 492 (M.D. Ga. 1995) ("The very nature of . . .

8

investigative proceedings . . . is secretive. . . . The court refuses to find the existence of a right that would in some circumstances possibly destroy institutions (such as the grand jury and warrant issuance processes) so valuable and necessary to society."). Applications for § 2703(d) orders should be kept secret for the same reason search warrant affidavits are kept secret. They identify witnesses, reveal targets of the investigation, and could allow subjects of the investigation to frustrate the aims of the order by destroying evidence. *See Baltimore Sun*, 664 F.2d at 64.

The subscribers identify no way in which openness furthers the § 2703(d) process. Rather, they simply state that all judicial processes benefit from openness. While this is undoubtedly true as a general proposition, in the context of pre-indictment investigation a general benefit from openness is insufficient to overcome society's compelling interest in the secrecy of investigative proceedings. As the Ninth Circuit noted in *Times Mirror*:

> Appellants essentially argue that any time self-governance or the integrity of the criminal fact-finding process may be served by opening a judicial proceeding and its documents, the First Amendment mandates opening them to the public. Were we to accept this argument, few, if any, judicial proceedings would remain closed. Every judicial proceeding, indeed every governmental process, arguably benefits from public scrutiny to some degree, in that openness leads to a better-informed citizenry and tends to deter government officials from abusing the powers of government. However, complete openness would undermine important values that are served by keeping some proceedings closed to the public. Openness may, for example, frustrate criminal investigations and thereby jeopardize the integrity of the search for truth that is so critical to the fair administration of justice.

873 F.2d at 1213; *see also Baltimore Sun*, 886 F.3d at 64 (citing *Times Mirror* in denying First Amendment right of access to search warrant materials).

The common law right of access to judicial records also does not create a right to investigative materials prior to indictment. ████████████████████████████

Courts routinely reject such requests. For instance, grand jury materials are typically protected from disclosure indefinitely. *See* Fed. R. Crim. P. 6(e). Search warrants need not even be filed until the warrant is returned, *see* Fed. R. Crim. P. 41(i); E.D. Va. Local R. 49(B), and search warrant affidavits may be sealed to protect an ongoing criminal investigation even after the warrant is returned. *See Baltimore Sun*, 886 F.2d at 64 ("[W]hether the papers are sealed when filed rests in the sound discretion of the judicial officer who issued the warrant."). The Fourth Circuit has upheld the continued sealing of a search warrant affidavit three years after the search warrant itself was issued. *See Media Gen. Operations*, 417 F.3d at 430-31; *see also Baltimore Sun*, 886 F.2d at 64 ("[T]he need for sealing [search warrant] affidavits may remain after execution and in some instances even after indictment."). Court have also denied access to information regarding wiretaps, even where a witness before the grand jury could use the information to assert a statutory right while testifying before the grand jury, because the marginal

---

[1]Subscribers assert that this common law right attaches to the Government's affidavit in support of a § 2703(d) order as well as the order itself. The Fourth Circuit has held the common law right of access attaches to search warrants and affidavits in support of search warrants. *See Baltimore Sun*, 886 F.2d at 63-64. The Fourth Circuit held that because the Fourth Amendment requires that search warrants be issued only after review by a neutral magistrate and upon probable cause, as well as the requirement of predecessor to Federal Rule of Criminal Procedure 41(i) that all search warrant documents be filed with the Clerk of the Court, those records were "judicial records" within the scope of the privilege. The Constitution does not require any judicial finding for the records at issue here – indeed the government may obtain this information using a subpoena without involving the court at all. *See* 18 U.S.C. § 2703(c)(2); *United States v. Clenney*, No. 09-5114, slip op. at 11 (4th Cir. Feb. 3, 2011). However, because the records at issue should remain sealed until after the investigation is concluded whether or not the common law presumption of access applies, the Court need not address whether the common law right of access applies to the underlying application.

10

procedural benefit to the witness would be too disruptive to the investigative process. *See In re Persico*, 491 F.2d 1156, 1162 (2d Cir. 1974).

The text and structure of the Stored Communications Act also supports sealing these records during the pendency of a criminal investigation. The subscribers' claim that the Stored Communications Act does not include language regarding the sealing of § 2703 orders is simply incorrect. Section 2705(b) states:

> A governmental entity acting under section 2703, when it is not required to notify the subscriber or customer under section 2703(b)(1) . . . may apply to a court for an order commanding a provider of electronic communications service or remote computer service to whom a warrant, subpoena, or court order is directed, for such a period as the court deems appropriate, not to notify any other person of the existence of the warrant, subpoena, or court order.

Here, the government is acting pursuant to § 2703, and is not required to provide notice to the subscribers. *See* Gov't Obj. at 12. Thus, the statute specifically authorizes a non-disclosure order. Where a statutory scheme provides protections for the materials at issue, it overrides the common law right of access. *See In re: N.Y. Times*, 577 F.3d at 408. The fact that the statute does not use the word "seal" is irrelevant.

> D. Even if the Clerk Did Not Publicly Docket the December 14, 2010 Order as a Motion to Seal, the Subscribers Are Not Entitled to Unsealing.

Finally, the subscribers argue that the December 14, 2010 Order should have been publicly docketed. Initially, there is no right to notice of process issued to third parties. *See S.E.C.*, 467 at 751; *Clem*, 2000 WL 353508, at *5; *Swearingen*, 605 F.2d at 127. Nor is there a right to public docketing of investigative proceedings that have historically been conducted secretly. *See In re Sealed Case No. 99-3024*, 199 F.3d 522, 525 (D.C. Cir. 1998) (holding proceedings ancillary to grand jury investigations need not be publicly docketed). The fact that an

11

order is at issue here, rather than a subpoena, is irrelevant. Indeed, grand jury subpoenas are court orders, enforceable by civil and criminal contempt. *See Brown v. United States*, 359 U.S. 41, 48 (1959), *overruled on other grounds by Harris v. United States*, 382 U.S. 162 (1965) ("A grand jury is clothed with great independence in many areas, but it remains an appendage of the court . . . It is the court's process which summons the witness to attend and give testimony, and it is the court which must compel a witness to testify if, after appearing, he refuses to do so."). Thus, for the same reason that grand jury process need not be docketed, there is no need to docket § 2703(d) orders prior to their unsealing.

Even if there is a right to public docketing of § 2703(d) orders, the subscribers are not entitled to a remedy of the unsealing of any such orders or to notice that other orders were issued seeking their information. Under the law of the Fourth Circuit and the rules of this Court, it is sufficient if an order that results from an investigative proceeding conducted *ex parte* and *in camera* be docketed in a way "that indicates its nature as a motion to seal." *See Media Gen. Operations*, 417 F.3d at 430; *see also* E.D. Va. Local R. 49(B). Here, the subscribers have received sufficient of the December 14, 2010 Order. It was unsealed and the subscribers have brought a challenge. That is all to which they are entitled.

III. CONCLUSION

The government will move to unseal the records when the investigation concludes. The subjects can vindicate their rights, if any, at that time, and the public will have access to any judicial records. What the subscribers seek is the ability to litigate the investigation prior to its conclusion. The subscribers' motion should be denied.

Respectfully submitted,

Neil H. MacBride
United States Attorney

By:      ___/s/_____

Andrew Peterson
John S. Davis
Assistant United States Attorneys
United States Attorney's Office
2100 Jamieson Avenue
Alexandria, Virginia 22314
(703) 299-3700

13

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the foregoing Opposition was filed with the Clerk of the Court on February 7, 2011, and a copy of this filing was e-mailed to opposing counsel at the following addresses:

John K. Zwerling
Stuart Sears
Zwerling, Liebig & Moseley, P.C.
108 N. Alfred Street
Alexandria, VA 22314
JZ@Zwerling.com
Counsel for Jacob Appelbaum

Nina J. Ginsberg
Dimuro Ginsberg P.C.
908 King Street, Suite 200
Alexandria, VA 22314
nginsberg@dimuro.com
Counsel for Rop Gonggrijp

Rebecca K. Glenberg
ACLU of Virginia Foundation, Inc.
530 E. Main Street, Suite 310
Richmond, VA 23219
rglenberg@acluva.org

Johnathan Shapiro
Greenspun, Shapiro, Davis, & Leary
3955 Chain Bridge Rd
Second Floor
Fairfax, VA 22030
Js@greenspunlaw.com
Counsel for Birgitta Jonsdottir

_____/s/_____
Andrew Peterson
John S. Davis
Assistant United States Attorneys
2100 Jamison Avenue
Alexandria, VA 22314
Phone: (703) 299-3700
Fax: (703) 299-3982

14

# EXHIBIT B

FILED

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
## ALEXANDRIA DIVISION

2011 FEB -8 P 3: 01

CLERK US DISTRICT COURT
ALEXANDRIA, VIRGINIA

|  |  |  |
|---|---|---|
| IN THE MATTER OF THE § 2703(d) ORDER | ) | Misc. No. 10GJ3153 |
| RELATING TO TWITTER ACCOUNTS: | ) |  |
| WIKILEAKS; ROP_G; IOERROR; AND | ) | FILED UNDER SEAL |
| BIRGITTAJ | ) |  |
|  | ) | ORAL ARGUMENT NOT REQUESTED |
|  | ) |  |

### TWITTER, INC.'S MOTION FOR CLARIFICATION

Twitter, Inc. ("Twitter") hereby submits this Motion for Clarification with respect to its obligations under this Court's Order of December 14, 2010. *See* Exhibit 1 hereto.

On December 14, 2010, this Court issued a sealed order pursuant to 18 U.S.C. § 2703(d) seeking subscriber information and all records and other non-content information for Twitter accounts Wikileaks, rop_g, ioerror and birgittaj from November 1, 2009 to the present. *Id.* On January 5, 2011, upon motion by the government made at the behest of Twitter, the Court issued an Order that unsealed the December 14th Order and authorized Twitter to disclose it to its users. *See* Exhibit 2 hereto.

On or about January 7, 2011, Twitter notified its users of the December 14th Order. The government agreed that those users would have until January 26th to file any motions or pleadings in opposition to the Order. Twitter has been informed by the government that users rop_g, ioerror and birgittaj have filed motions under seal with this Court regarding the December 14th Order, while the Wikileaks user has not. Accordingly, the government has requested that Twitter produce records for the Wikileaks Twitter account. Twitter, however, is concerned that the motions filed by the other three users may address issues related to their association or involvement with the user of the Wikileaks Twitter account, or may otherwise seek to vacate the

December 14th Order in its entirety.  If that is the case, producing records for the Wikileaks

Twitter account before the pending motions are resolved would prejudice users rop_g, ioerror

and birgittaj.  Unfortunately, because the pending motions are sealed, Twitter has no way to

determine if or to what extent users rop_g, ioerror and birgittaj may actually be prejudiced by

production of the Wikileaks records.  Twitter proposed to the government that the parties agree

to delay production of the Wikileaks records until after the pending motions are resolved, but the

government declined.  As an alternative, Twitter requested that the government certify that

production of the Wikileaks records would not affect the issues raised by the pending motions,

but the government declined to reveal the nature of those motions because they are under seal.

Accordingly, Twitter is compelled to seek guidance from the Court.

> For these reasons, Twitter requests clarification from the Court as to whether it would

best serve the interests of justice for Twitter to withhold production of records for the Wikileaks

Twitter account until the pending motions are resolved, or to produce the Wikileaks records

forthwith.  Twitter has advised the government of its intent to seek this clarification from the

Court, and both parties agree there is no need for oral argument at this time.

DATED this 8th day of February, 2011.        Respectfully submitted,

By_____

John K. Roche (VSB# 68594)
Perkins Coie, LLP
700 13th St., N.W., Suite 600
Washington, D.C. 20005-3960
Phone:  202-434-1627
Fax:  202-654-9106
JRoche@perkinscoie.com

Attorneys for Twitter, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that on this 8th day of February, 2011, the foregoing document was sent via overnight mail and email to the following persons:

John S. Davis
Assistant United States Attorney
United States Attorney's Office
Eastern District of Virginia
600 East Main Street, Suite 1800
Richmond, VA  23219-2447
███████████████

Attorneys for the United States

By _____
John K. Roche (VSB# 68594)
Perkins Coie, LLP
700 13th St., N.W., Suite 600
Washington, D.C. 20005-3960
Phone:  202-434-1627
Fax:  202-654-9106
JRoche@perkinscoie.com

Attorneys for Twitter, Inc.

# EXHIBIT 1

DEC. 14. 2010  4:14PM                                    NO. 2530   P. 1/4



**U.S. Department of Justice**

*United States Attorney*

*Eastern District of Virginia*

*Justin W. Williams United States Attorney's Building*
*2100 Jamieson Avenue*
*Alexandria, Virginia 22314-5794*
*(703) 299-3700*

## FACSIMILE TRANSMISSION
### COVER PAGE

DATE: 12|14| 10

TO: Twitter  Attn: Trust & Safety

PHONE:

TO FAX NO.: (415) 222 - 9958

SENDER: ███████████████████████████

SENDER'S PHONE NO.: 703 2919 ███

SENDER'S FAX NO.: 703 299 ███

NUMBER OF PAGES: 4                    *Not Including Cover Page*

_____

Level of Transmitted Information:

☐  Non-Sensitive Information
☐  Sensitive But Unclassified (SBU)
☑  Limited Official Use (LOU)
☐  Grand Jury Information
☐  Tax Information
☐  Law Enforcement Information
☐  Victim Witness Information

CONTENTS:

_____

**WARNING:** Information attached to this cover sheet is sensitive U.S. Government Property.
If you are not the intended recipient of this information, disclosure, reproduction, distribution, or use of
this information is prohibited. Please notify this office immediately at the above number to arrange for
proper distribution.

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

|  |  |  |
|---|---|---|
| IN RE APPLICATION OF THE UNITED STATES OF AMERICA FOR AN ORDER PURSUANT TO 18 U.S.C. § 2703(d) | ) ) ) ) ) ) | MISC. NO. 10GJ3793<br><br>Filed Under Seal |

## ORDER

This matter having come before the Court pursuant to an application under Title 18, United States Code, Section 2703, which application requests the issuance of an order under Title 18, United States Code, Section 2703(d) directing Twitter, Inc., an electronic communications service provider and/or a remote computing service, located in San Francisco, California, to disclose certain records and other information, as set forth in Attachment A to this Order, the Court finds that the applicant has offered specific and articulable facts showing that there are reasonable grounds to believe that the records or other information sought are relevant and material to an ongoing criminal investigation.

IT APPEARING that the information sought is relevant and material to an ongoing criminal investigation, and that prior notice of this Order to any person of this investigation or this application and Order entered in connection therewith would seriously jeopardize the investigation;

IT IS ORDERED pursuant to Title 18, United States Code, Section 2703(d) that Twitter, Inc. will, within three days of the date of this Order, turn over to the United States the records and other information as set forth in Attachment A to this Order.

IT IS FURTHER ORDERED that the Clerk of the Court shall provide the United States
Attorney's Office with three (3) certified copies of this application and Order.

IT IS FURTHER ORDERED that the application and this Order are sealed until
otherwise ordered by the Court, and that Twitter shall not disclose the existence of the
application or this Order of the Court, or the existence of the investigation, to the listed
subscriber or to any other person, unless and until authorized to do so by the Court.

/s/
Theresa Carroll Buchanan
United States Magistrate  Judge

12/14/10
Date

A TRUE
CLERK, U.S.
BY
DEPUTY CLERK

2

## ATTACHMENT A

You are to provide the following information, if available, preferably as data files on CD-ROM, electronic media, or email (tracy.mccormick@usdoj.gov) or otherwise by facsimile to 703-299-3981:

A. The following customer or subscriber account information for each account registered to or associated with Wikileaks; rop_g; ioerror; birgitta; Julian Assange; Bradley Manning; Rop Gongrijp; Birgitta Jonsdottir for the time period November 1, 2009 to present:

    1.   subscriber names, user names, screen names, or other identities;

    2.   mailing addresses, residential addresses, business addresses, e-mail addresses, and other contact information;

    3.   connection records, or records of session times and durations;

    4.   length of service (including start date) and types of service utilized;

    5.   telephone or instrument number or other subscriber number or identity, including any temporarily assigned network address; and

    6.   means and source of payment for such service (including any credit card or bank account number) and billing records.

B.   All records and other information relating to the account(s) and time period in Part A, including:

    1.   records of user activity for any connections made to or from the Account, including the date, time, length, and method of connections, data transfer volume, user name, and source and destination Internet Protocol address(es);

    2.   non-content information associated with the contents of any communication or file stored by or for the account(s), such as the source and destination email addresses and IP addresses.

    3.   correspondence and notes of records related to the account(s).

# EXHIBIT 2



## IN THE UNITED STATES DISTRICT COURT FOR THE

### EASTERN DISTRICT OF VIRGINIA

#### Alexandria Division

| | |
|---|---|
| IN THE MATTER OF THE )<br>§2703(d) ORDER RELATING TO )<br>TWITTER ACCOUNTS: )<br>WIKILEAKS, ROP_G; IOERROR; )<br>AND BIRGITTAJ ) | MISC. NO. 10GJ3793 |

## ORDER TO UNSEAL THE
## ORDER PURSUANT TO 18 U.S.C. §2703(D)

This matter having come before the Court pursuant to an application under Title 18, United States Code, §2703(d), it appearing that it is in the best interest of the investigation to unseal the Court's Order of December 14, 2010 and authorize Twitter to disclose that Order to its subscribers and customers, it is hereby ORDERED that the above-captioned Order of December 14, 2010 pursuant to 18 U.S.C. §2703(d) be UNSEALED and that Twitter is authorized to disclose such Order. In all other respects, the Court's Order of December 14, 2010 remains in effect.

/s/
Theresa Carroll Buchanan
United States Magistrate Judge

Date: _____
Alexandria, Virginia