UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF VIRGINIA

ALEXANDRIA DIVISION

FILED
2011 FEB 14  P 4: 17
CLERK US DISTRICT COURT
ALEXANDRIA, VIRGINIA

| | |
|---|---|
| IN RE APPLICATION OF THE UNITED STATES OF AMERICA FOR AN ORDER PURSUANT TO 18 U.S.C. § 2703(d) | MISC NO. 10GJ3793, 1:11-DM-003<br><br>FILED UNDER SEAL |

## STATEMENT AND SUPPORTING MEMORANDUM OF REAL PARTIES IN INTEREST IN RESPONSE TO THE COURT'S ORDER OF FEBRUARY 9, 2011 CONCERNING UNSEALING OF THIS DOCKET

Movants believe that no part of this docket should remain sealed, for the reasons described below and also in the Motion to Unseal Documents filed on January 26, 2011 (Dkt. 3) the Reply in Support of the Motion to Unseal Documents filed on February 10, 2011 (Dkt. 29), the Motion for Immediate Unsealing of Motions filed on January 31, 2011 (Dkt. No. 17), and the Reply in Support of Motion for Immediate Unsealing of Motions filed February 7, 2011 (Dkt. No. 20), which are incorporated herein by reference.[1]

Nevertheless, in an effort to narrow the issues that the Court needs to consider, Movants

---

[1] Movants also believe that the Application for an Order Pursuant to 18 U.S.C. § 2703(d), any supporting affidavits, and the government's other efforts to obtain information about Movants from companies other than Twitter, which are not reflected on the No. 1:11-DM-003 docket sheet provided to counsel on February 11, 2011, should be unsealed, as well as the docket sheet itself. It appears that the December 14 Order, the government's Application, any additional documents that were filed prior to issuance of the December 14 Order, the January 5 Unsealing Order, and documents relating to the government's efforts with respect to other companies, were originally filed in a different case, No. 10GJ3793, while No. 1:11-DM-003 was created in response to the Movants' motions to unseal and to vacate, which were filed on January 26, 2011.This response refers only to the pleadings and other documents listed on the docket sheet for No. 1:11-DM-003.

The broader unsealing issue with regard to the underlying matter, including the Application, supporting materials, and any other efforts to seek information about Movants, is the subject of the original Motion to Unseal (Dkt. 3), and is not discussed here. As discussed in their respective briefs, Movants and the government disagree over whether those materials should be unsealed.

approached the government to see if the government would agree that any of the documents could be unsealed. In response, the government has agreed that all of the documents in case number 1:11DM3 can be unsealed, including the docket, with several exceptions. The lists provided below indicate, first, the documents that Movants and the government have agreed can be unsealed, and second, the remaining documents that Movants believe should be unsealed by the Court.

**1) Documents that Movants and the Government have agreed can be unsealed:**

The following are the documents that Movants and the Government jointly agree can be unsealed. Movants therefore request that the undisputed documents listed below immediately be unsealed:

| Docket Number | Document Name |
| --- | --- |
|  | Docket (except any document descriptions that would reveal information under seal) |
| 2 | Declaration of Stuart Sears in Support of Motion or Real Parties to Vacate the December 14. 2010 Order (filed January 26, 2010). |
| 4 | Declaration of Aden Fine in Support of Motion to Unseal (filed January 26, 2010). |
| 5-15 | Pro hac vice Orders. |
| 16 | Notice of Hearing on Motions. |
| 18 | Notice of Attorney Appearance of Nina Ginsberg. |
| 19 | Government's Response in Opposition to the Real Parties' In Interest Motion for Immediate Unsealing of Motions and Upcoming Hearing (filed February 4, 2011). |
| 20 | Reply in Support of Motion of Real Parties in Interest for Immediate Unsealing of Motions and Upcoming Hearing Related to the Unsealed Court Order of December 14, 2010 (filed February 7, 2011). |
| 21 | Government's Objection to Motion of Three Twitter Subscribers to Vacate Order of December 14, 2010, under § 2703(d) (filed February 7, 2011). |
| 24 | Motion for Clarification by Twitter, Inc. (filed February 9, 2010) with certain personal identification information of government officials redacted. |

| | |
|---|---|
| 25-26 | Orders issued *sua sponte* Court Orders on February 9, 2011. |
| 27 | Response to motion by USA as to Twitter, Inc. |
| 29 | Reply of Real Parties in Support of Motion to Unseal (filed February 10, 2011). |
| 30 | Reply of Real Parties in Support of Motion to Vacate the December 14. 2010 Order (filed February 10, 2011). |
| 31 | This document (filed February 14, 2011)(this docket number is approximate). |

### 2) Additional Documents that Movants believe should be unsealed:

Movants believe that the following additional documents should also be unsealed:

| Docket Number | Document Name |
|---|---|
| 22 | Government's Response in Opposition to the Real Parties' in Interest Motion for Unsealing of Sealed Court Records (filed February 7, 2011). The government agrees that this document can be partially unsealed, with certain information redacted. |
| 31 | This document (filed February 14, 2011)(this docket number is approximate). The government stated that it needed to review the document before determining whether it would agree to unseal. |
| 32 | Government's response to the February 9, 2011 Order (filed February 14, 2011(this docket number is approximate). |

Movants believe that these documents should be immediately unsealed, as should the docket sheet in this matter. Since Movants have fully briefed the underlying legal issues in their Motion to Unseal, incorporated herein, and those arguments also apply here, they will not repeat those arguments at length.[2] But, in short, in order for these documents to remain under seal, the government must come forward with "specific facts and circumstances" to justify "the effort to restrict public access" to the specific documents at issue. *Va. Dep't of State Police v. Wash. Post*, 386 F.3d 567, 579 (4th Cir. 2004). The government cannot do so.

---

[2] That motion seeks unsealing of this docket as well as any other dockets that seek information about Movants.

3

In responding to Movants' first Motion to Unseal its Motions (Dkt. 19), the government invoked only generic concerns about secrecy of criminal investigations. But generic claims that all criminal investigations must remain secret are not only incorrect as a matter of law, but are insufficient to overcome the presumptive right of access to court records. *See Va. Dep't of State Police*, 386 F.3d at 575 ("The common law presumes a right of the public to inspect and copy all judicial records and documents." (citations and quotation marks omitted)).

Moreover, there is no doubt that the documents at issue contain no nonpublic grand jury information. Instead, they reflect legal argument based on what has already been publicly revealed: that the government is investigating Wikileaks and that, as part of that investigation, it has sought information from Twitter.com about Movants. The government itself apparently decided that this information could be revealed publicly and this Court thereafter held that revealing it was "in the best interests of the investigation." Thus, having chosen to give public exposure to those facts, the government cannot now demand sealing of pleadings simply discussing those facts and applying the applicable law. *See, e.g., Va. Dep't of State Police*, 386 F.3d at 575 (holding that the government does not have a compelling interest in keeping information secret if it is already publicly known); *United States v. Klepfer (In re The Herald Co.)*, 734 F.2d 93, 101 (2d Cir. 1984) (closure impermissible where information "sought to be kept confidential has already been given sufficient public exposure").

This is especially the case as to this document (approx Dkt. 31), which can reveal no nonpublic information because Movants have had no access to any. But it is also the case for the portions of the government's responsive brief on unsealing that it seeks to redact (Dkt. 22) and the submission the government makes in response to the Court's February 9, 2011 Order (approx. Dkt. 32). As to the redacted portions of the government's unsealing brief, the portions of that brief that the government wishes to redact cannot remain sealed because they do not contain confidential information. These portions are:

    1.    The government's description of a case, *In re Swearingen Aviation Corp*, 605

4

F.2d 125, 127 (4th Cir. 1979), and an unsupported assertion that Movants cannot demonstrate injury (pages 2-3).

2. The government's statement about what is *not* revealed by the unsealed Twitter Order, including that it did not reveal identities of potential witnesses other than Twitter, Inc. and did not reveal any facts or information already gathered in the course of the investigation (pages 6-7). This information is obvious from the face of the now-public Twitter Order and is, thus, not information that can be sealed.

3. The government's legal argument about common law rights of access and a claim about the relevant caselaw (pages 9-10).

None of this reveals nonpublic grand jury information, much less the sort of information that reveals witnesses or the workings of the grand jury. Instead, the redacted portions are ordinary discussions of caselaw and legal argument based on what the Twitter Order reveals. Continuing to keep these documents and portions of documents under seal improperly deprives the public of access to the government's legal arguments in this closely-watched case.

Similarily, although Movants do not know exactly what the government will put in its response on this issue (approximate Dkt. 32), given the breadth of the documents that are public, and that the government and Movants have agreed can be public, it is highly unlikely that this response will contain confidential information. It is also highly unlikely that any of the information contained in the government's response will be able to meet the "specific facts and circumstances" test that is required to justify "the effort to restrict public access" to that document. *Va. Dep't of State Police v. Wash. Post*, 386 F.3d 567, 579 (4th Cir. 2004). This document should therefore also be unsealed.

Movants request that all of the documents in Docket No. 1:11DM3 be immediately unsealed.

Dated: February 14, 2011

By: ___/s/___

John K. Zwerling, VSB No. 8201
Stuart Sears, VSB No. 71436
ZWERLING, LEIBIG & MOSELEY, P.C.
108 North Alfred Street
Alexandria, VA 22314
Telephone:    (703) 684-8000
Facsimile:    (703) 684-9700
Email:    JZ@Zwerling.com
Email:    Chris@Zwerling.com
Email:    Andrea@Zwerling.com
Email:    Stuart@Zwerling.com

John W. Keker (admitted *pro hac vice*)
Rachael E. Meny (admitted *pro hac vice*)
Steven P. Ragland (admitted *pro hac vice*)
KEKER & VAN NEST LLP
710 Sansome Street
San Francisco, CA 94111-1704
Telephone:    (415) 391-5400
Facsimile:    (415) 397-7188
Email:    jkeker@kvn.com
Email:    rmeny@kvn.com
Email:    sragland@kvn.com

**Attorneys for JACOB APPELBAUM**

```
```

Dated: February 14, 2011

By: /s/ _____ with permission for

Nina J. Ginsberg, VSB No. 19472
DIMUROGINSBERG, P.C.
908 King Street, Suite 200
Alexandria, VA 22314
Phone: 703-684-4333
Fax: 703-548-3181
Email: nginsberg@dimuro.com

John D. Cline (admitted *pro hac vice*)
LAW OFFICE OF JOHN D. CLINE
115 Sansome Street, Suite 1204
San Francisco, CA 94104
Phone: 415.322.8319
Fax: 415.524.8265
Email: cline@johndclinelaw.com

K.C. Maxwell (admitted *pro hac vice*)
LAW OFFICE OF K.C. MAXWELL
115 Sansome Street, Suite 1204
San Francisco, CA 94104
Phone: 415.322.8817
Fax: 415.888.2372
Email: kcm@kcmaxlaw.com

**Attorneys for ROP GONGGRIJP**

Dated: February 14, 2011

By: /s/ _____ with permission for /.
Rebecca K. Glenberg, VSB No. 44099
AMERICAN CIVIL LIBERTIES UNION
   OF VIRGINIA FOUNDATION, INC.
530 E. Main Street, Suite 310
Richmond, Virginia 23219
Telephone: (804) 644-8080
Facsimile: (804) 649-2733
Email: rglenberg@acluva.org

Jonathan Shapiro
GREENSPUN, SHAPIRO, DAVIS
   & LEARY, P.C.
3955 Chain Bridge Road
Second Floor
Fairfax, VA 22030
Telephone: (703) 352-0100
Facsimile: (703) 591-7268
Email: js@greenspunlaw.com

Cindy A. Cohn (admitted *pro hac vice*)
Lee Tien (admitted *pro hac vice*)
Kevin S. Bankston (admitted *pro hac vice*)
Marcia Hofmann (admitted *pro hac vice*)
ELECTRONIC FRONTIER FOUNDATION
454 Shotwell Street
San Francisco, CA 94110
Telephone: (415) 436-9333 x108
Facsimile: (415) 436-9993
Email: cindy@eff.org
Email: tien@eff.org
Email: bankston@eff.org
Email: marcia@eff.org

Aden J. Fine (admitted *pro hac vice*)
Benjamin Siracusa-Hillman (admitted *pro hac vice*)
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION
125 Broad Street, 18th Floor
New York, NY 10004
Telephone: (212) 549-2500
Facsimile: (212) 549-2651
Email: afine@aclu.org
Email: bsiracusahillman@aclu.org

**Attorneys for BIRGITTA JONSDOTTIR**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing motion was sent via e-mail this 14th day of February, 2011, to:

Andrew Peterson, Esq.
John S. Davis, Esq.
Assistant United States Attorney
600 East Main Street
Suite 1800
Richmond, VA 23219-2447
Ph: 804-819-7431
Andy.Peterson@usdoj.gov
John.S.Davis2@usdoj.gov

_____
Stuart Alexander Sears