UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| IN RE APPLICATION OF THE UNITED STATES OF AMERICA FOR AN ORDER PURSUANT TO 18 U.S.C. § 2703(d) | Misc. No. 10GJ3793<br>No. 1:11DM3<br>No. 1:11EC3 |

**REPLY IN SUPPORT OF OBJECTIONS OF REAL PARTIES IN INTEREST TO MAGISTRATE'S MAY 4, 2011 ORDER ON PUBLIC DOCKETING, and REQUEST FOR CONSOLIDATION OF OBJECTIONS AND VACATUR OF JUNE 24, 2011 HEARING DATE**

Real Parties in Interest ("Parties") filed Objections (Dkt. No. 58) to the Magistrate's May 4, 2011 Order (Dkt. No. 57) (the "May 4 Order"), insofar as that Order appeared to deny constructively Parties' request for public docketing of any § 2703-related orders issued to companies other than Twitter and any related documents filed with the Court. Two weeks later, the Magistrate issued a Memorandum Opinion (Dkt. No. 60) and a new Order (Dkt. No. 61) (collectively, the "June 1 Order") expressly denying Parties' request for public docketing of the non-Twitter documents. This second order appears to clarify that the May 4 Order did not resolve Parties' request for public docketing of the non-Twitter § 2703-related materials.

Parties intend to file Objections to the June 1 Order. Because this new Order specifically addresses the docketing of the non-Twitter documents, and because Parties objected to the May 4 Order only insofar as it implicitly denied public docketing of the non-Twitter documents, Parties' May 19 Objections and the government's opposition thereto (Dkt. No. 62) appear more appropriately directed to the Magistrate's June 1 Order, not to the May 4 Order. Accordingly, to avoid redundancy and in the interests of judicial economy and fairness, Parties will respond to

the June 1 Order and the government's arguments concerning the docketing of the non-Twitter documents (articulated in its opposition) in connection with Parties' separate Objections to the June 1 Order.  For the same reasons, Parties respectfully request that the two Objections be consolidated and that the June 24, 2011 noticed hearing date for Parties' Objections to the May 4 Order be vacated so that Parties' request for public docketing can be resolved at one time.

Out of an abundance of caution, however, and to the extent the Court determines that consolidation is not appropriate or that Parties' Objections apply to the May 4 Order, Parties here briefly summarize some of the primary flaws in the arguments raised by the government in its opposition brief.  As will be discussed more fully in Parties' Objections to the June 1 Order, the Magistrate correctly rejected the government's argument that no docketing of electronic communications orders need occur, but erred in concluding that a public docket for the non-Twitter documents need not be maintained in a manner sufficient to provide the public with notice of each sealed judicial order and document filed with the Court.

The government's principal argument is that there is no right to public docketing of § 2703 orders or related documents filed with the Court.  That is not correct.  The government's argument is based on the inaccurate premise that § 2703 orders and related documents should be treated as if they were grand jury documents, which do not need to be publicly docketed.  These are not grand jury documents, however.  These are judicial orders and judicial documents, issued by a federal Magistrate judge, and filed with the Court.  In this respect, they are no different than search warrants, which also are issued in the investigative, pre-charge stage of a case, but which the Fourth Circuit has made clear are judicial records that are subject to the common law right of access and that must be publicly docketed.  *Baltimore Sun Co. v. Goetz*, 886 F.2d 60, 65-66 (4th Cir. 1989).  The government's related claim that there is no basis for public docketing of § 2703

orders or related documents filed with the Court because there is no right of access to them is at odds with clear Fourth Circuit caselaw holding that "[t]he common law presumes a right of the public to inspect and copy '*all* judicial records and documents.'" *Va. Dep't of State Police v. Wash. Post*, 386 F.3d 567, 575 (4th Cir. 2004) (emphasis added) (quoting *Stone v. Univ. of Md. Med. Sys. Corp.*, 855 F.2d 178, 180 (4th Cir. 1988)).

The government alternatively argues that even if there were a right to public docketing of the materials at issue here, the Court's newly-instituted "EC" running list is sufficient. With the exception of the indexing of the Twitter documents in 1:11-ec-00003, which Parties do not challenge, however, the current docketing is inadequate under well-established caselaw. The current docketing provides only that other cases exist called "USA v. Under Seal," and the name of the assigned judge, with no information about any of the specific documents filed. *See* Decl. of Stuart A. Sears, Ex. B (Running List), May 19, 2011, Dkt. No. 58-1. The Fourth Circuit and the Supreme Court have made clear that all documents filed with a court must be publicly docketed in a manner that "give[s] the public notice" of each document sealed or sought to be sealed, sufficient to give the public "a reasonable opportunity to challenge" the sealing of each document, *Stone*, 855 F.2d at 181-82; *see also United States v. Soussoudis (In re Wash. Post Co.)*, 807 F.2d 383, 390 (4th Cir. 1986), and to enable the public to keep a "watchful eye" on the operation of the government and the courts, *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978). The indexing of each document sought by Parties and required by the caselaw is necessary to provide this notice and to facilitate this public monitoring by revealing the type of order sought (§ 2703 order or pen register), whether the order was granted or denied, whether any challenges have been mounted, and whether a non-disclosure order was sought and granted or denied. Contrary to the government's assertion, such docketing will not reveal details about

the government's ongoing investigations, such as who the recipients of orders are, who the targets of investigations are, or what information the government is requesting.

In any event, the courts have made clear that secret, sealed dockets, devoid of any information for the public to view, are not permissible. *See, e.g.*, *In re State-Record Co., Inc.*, 917 F.2d 124, 129 (4th Cir. 1990) (reversing sealing of criminal docket sheets, and remarking that "we can not understand how the docket entry sheet could be prejudicial"); *Hartford Courant Co. v. Pellegrino*, 380 F.3d 83, 93 (2d Cir. 2004) (invalidating system of sealed docket sheets because "docket sheets provide a kind of index to judicial proceedings and documents, and endow the public and press with the capacity to exercise their rights guaranteed by the First Amendment."); *In re Wash. Post Co.*, 807 F.2d at 391 & n.8 (requiring ordinary public docketing procedures to be followed even "where national security interests are at stake," and rejecting the government's argument that "notice of a closure motion alone could lead the news media to guess at the nature of the covert operations involved"); *United States v. Valenti*, 987 F.2d 708, 715 (11th Cir. 1993); *In re Search Warrant for Secretarial Area Outside Office of Thomas Gunn*, 855 F.2d 569, 575 (8th Cir. 1988).

For these reasons, and as will be explained in more detail in Parties' forthcoming Objections to the Magistrate's June 1 Order, the Court should order the Clerk's Office to provide a public docket identifying the types of documents and filing dates for each document filed with the Court in this matter.

Accordingly, Parties request that:

(1) The Court consolidate Parties' Objections to the May 4 and June 1 Orders;

(2) The Court vacate the June 24 hearing date; and

(3) Alternatively, to the extent the Court determines that consolidation is not appropriate

or that Parties' Objections apply to the May 4 Order, the Court should order the Clerk's Office to provide a public docket identifying the types of documents and filing dates for each document filed with the Court in this matter, including the non-Twitter documents, redacted to the extent necessary.

Dated: June 8, 2011    By: /s/ Rebecca K. Glenberg_____
Rebecca K. Glenberg, VSB No. 44099
AMERICAN CIVIL LIBERTIES UNION
  OF VIRGINIA FOUNDATION, INC.
530 E. Main Street, Suite 310
Richmond, VA 23219
Telephone:   804.644.8080
Facsimile:    804.649.2733
Email: rglenberg@acluva.org

Aden J. Fine (admitted *pro hac vice*)
Benjamin Siracusa Hillman (admitted *pro hac vice*)
AMERICAN CIVIL LIBERTIES UNION
  FOUNDATION
125 Broad Street, 18th Floor
New York, NY 10004
Telephone:   212.549.2500
Facsimile:    212.549.2651
Email: afine@aclu.org
Email: bsiracusahillman@aclu.org

Cindy A. Cohn (admitted *pro hac vice*)
Lee Tien (admitted *pro hac vice*)
Kevin S. Bankston (admitted *pro hac vice*)
Marcia Hofmann (admitted *pro hac vice*)
ELECTRONIC FRONTIER FOUNDATION
454 Shotwell Street
San Francisco, CA 94110
Telephone:   415.436.9333 x108
Facsimile:    415 436.9993
Email: cindy@eff.org
Email: tien@eff.org
Email: bankston@eff.org
Email: marcia@eff.org

Jonathan Shapiro
GREENSPUN, SHAPIRO, DAVIS
  & LEARY, P.C.
3955 Chain Bridge Road
Second Floor
Fairfax, VA 22030
Telephone:    703.352.0100
Facsimile:    703.591.7268
Email: js@greenspunlaw.com

**Attorneys for BIRGITTA JONSDOTTIR**

6

| | |
|---|---|
| Dated: June 8, 2011 | By: /s/ John K. Zwerling<br>John K. Zwerling, VSB No. 8201<br>Stuart Sears, VSB No. 71436<br>ZWERLING, LEIBIG & MOSELEY, P.C.<br>108 North Alfred Street<br>Alexandria, VA 22314<br>Telephone:   703.684.8000<br>Facsimile:     703.684.9700<br>Email: JZ@Zwerling.com<br>Email: Chris@Zwerling.com<br>Email: Andrea@Zwerling.com<br>Email: Stuart@Zwerling.com<br><br>John W. Keker (admitted *pro hac vice*)<br>Rachael E. Meny (admitted *pro hac vice*)<br>Steven P. Ragland (admitted *pro hac vice*)<br>KEKER & VAN NEST LLP<br>710 Sansome Street<br>San Francisco, CA 94111-1704<br>Telephone:   415.391.5400<br>Facsimile:     415.397.7188<br>Email: jkeker@kvn.com<br>Email: rmeny@kvn.com<br>Email: sragland@kvn.com<br><br>**Attorneys for JACOB APPELBAUM** |

Dated: June 8, 2011	By: /s/ Nina J. Ginsberg_____
Nina J. Ginsberg, VSB No. 19472
DIMUROGINSBERG, P.C.
908 King Street, Suite 200
Alexandria, VA 22314
Telephone:	703.684.4333
Facsimile:	703.548.3181
Email: nginsberg@dimuro.com

John D. Cline (admitted *pro hac vice*)
LAW OFFICE OF JOHN D. CLINE
115 Sansome Street, Suite 1204
San Francisco, CA 94104
Telephone:	415.322.8319
Facsimile:	415.524.8265
Email: cline@johndclinelaw.com

K.C. Maxwell (admitted *pro hac vice*)
LAW OFFICE OF K.C. MAXWELL
115 Sansome Street, Suite 1204
San Francisco, CA 94104
Telephone:	415.322.8817
Facsimile:	415.888.2372
Email: kcm@kcmaxlaw.com

**Attorneys for ROP GONGGRIJP**

## CERTIFICATE OF SERVICE

  I hereby certify that on this 8th day of June, 2011, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following counsel of record:

    Tracy D. McCormick
    Andrew Peterson
    U.S. Attorney's Office
    2100 Jamieson Avenue
    Alexandria, VA 22314
    Telephone: 703-299-3175
    Email: tracy.mccormick@usdoj.gov

    John K. Zwerling, VSB No. 8201
    Stuart Sears, VSB No. 71436
    ZWERLING, LEIBIG & MOSELEY, P.C.
    108 North Alfred Street
    Alexandria, VA 22314
    Telephone: (703) 684-8000
    Facsimile: (703) 684-9700
    Email: JZ@Zwerling.com
    Email: Stuart@Zwerling.com

    Jonathan Shapiro
    GREENSPUN, SHAPIRO, DAVIS
     & LEARY, P.C.
    3955 Chain Bridge Road
    Second Floor
    Fairfax, VA 22030
    Telephone: (703) 352-0100
    Facsimile: (703) 591-7268
    Email: js@greenspunlaw.com

    Nina J. Ginsberg, VSB No. 19472
    DIMUROGINSBERG, P.C.
    908 King Street, Suite 200
    Alexandria, VA 22314
    Telephone: 703.684.4333
    Facsimile: 703.548.3181
    Email: nginsberg@dimuro.com

>John K. Roche
>PERKINS COIE, LLP
>700 13th Street, N.W., Suite 600
>Washington, DC 20005
>Telephone: 202-654-6200
>Facsimile: 202-654-6211
>Email: jroche@perkinscoie.com
>
>Marvin David Miller
>1203 Duke Street
>The Gorham House
>Alexandria, VA 22314
>Telephone: (703) 548-5000
>Email: katherine@marvinmilleratlaw.com

I also certify that on this 8th day of June, 2011, I caused the following party to be served by first-class United States mail:

>Christopher Soghoian (*pro se)*
>Graduate Fellow, Center for Applied Cybersecurity Research
>Indiana University
>P.O. Box 2266
>Washington, DC 20013
>Telephone: 617-308-6368

>By: /s/ Rebecca K. Glenberg_____
>Rebecca K. Glenberg, VSB No. 44099
>AMERICAN CIVIL LIBERTIES UNION
>   OF VIRGINIA FOUNDATION, INC.
>530 E. Main Street, Suite 310
>Richmond, VA 23219
>Telephone:    804.644.8080
>Facsimile:    804.649.2733
>Email: rglenberg@acluva.org