UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| IN THE MATTER OF THE ) | |
| §2703(d) ORDER RELATING TO ) | |
| TWITTER ACCOUNTS: ) | No. 1:11EC3 (Judge Buchanan) |
| WIKILEAKS; ROP_G; IOERROR; ) | |
| AND BIRGITTAJ ) | |

**GOVERNMENT'S RESPONSE TO OBJECTIONS OF REAL PARTIES IN INTEREST TO MAGISTRATE JUDGE BUCHANAN'S JUNE 1, 2011 ORDER ON PUBLIC DOCKETING**

The United States of America, by Neil H. MacBride, United States Attorney for the

Eastern District of Virginia, hereby responds to the Objections of the Real Parties in Interest (the

"subscribers") to Magistrate Judge Buchanan's June 1, 2011 Order on the public docketing of

judicial records in § 2703(d) matters.

**I.      BACKGROUND**

Most of the facts regarding this matter are described in prior briefing, including the

pleadings regarding Magistrate Judge Buchanan's May 4, 2011 Order (the "May 4 Order").  On

May 4, 2011, Judge Buchanan ordered the transfer of any documents docketed under the number

"10-gj-3793" to the docket number "1:11-ec-3."  In their objections to the May 4 Order, the

subscribers objected to Magistrate Judge Buchanan's constructive denial of their request for

public docketing, stating that the May 4, 2011 Order failed to address their request for docketing

of other matters on the "10-gj-3793 docket."  Objs. of Real Parties In Interest to Magistrate's

May 4, 2011 Order on Public Docketing ("May 4 Objections") at 1.

On June 1, 2011, after the subscribers filed their May 4 Objections but prior to the filing

1

of the government's response, Judge Buchanan issued an additional order (the "June 1 Order")

in which her "constructive" denial of the subscribers' request for individual docketing of other

documents became explicit.  In an accompanying opinion (the "June 1 Opinion"), Judge

Buchanan held that "although a docket entry must note that a sealing order has been

entered, there exists no right to public notice of all the types of documents filed in a sealed case."

June 1 Opinion at 1-2.  On June 16, 2011, the subscribers filed their objections to the June 1

Order (the "June 1 Objections").

Because the issue of individual docketing was included in the pleadings related to the

May 4 Order, most of the facts and arguments related to the issues raised in the subscribers' June

1 Objections have already been briefed.  The government hereby incorporates its response to the

subscribers' May 4 Objections by reference.  Rather than add an additional thirty pages to the

scores of pages already written on this issue, this pleading discusses only new issues raised in the

subscribers' June 1 Objections and clarifies, in brief, issues that have already been thoroughly

litigated.[1]

## II.    THERE IS NO RIGHT TO A CONTEMPORANEOUS, ITEMIZED PUBLIC DOCKET IN A SEALED CASE

The subscribers object to the June 1 Order on the basis that it did not require the clerk to

create an itemized public docket of investigative proceedings that are related to the subscribers.

However, the subscribers' contention that the law requires such a docket is wrong.  As shown

below, Magistrate Judge Buchanan's ruling – that the public docket for this sealed investigative

proceeding need not contain separate entries for each document filed – was not contrary to law.

---

[1]For instance, the relevant standard of review was discussed in the litigation regarding the
May 4, 2011 Order.  The government's position is unchanged and not repeated here.

Neither the First Amendment nor the common law provides for a right of access to these § 2703(d) records, and no statute or court rule requires individualized public docketing of them. Because this matter is properly sealed, no legitimate purpose would be served, and the confidentiality of the related criminal investigation would be jeopardized, if individual sealed documents were identified on the public record. Just as this Court's rules permit the sealing of an entire criminal case without individualized entries, *see* E.D. Va. Local Crim. R. 49(G), so do they authorize the docketing procedures ordered here.

The subscribers first argue that an itemized public docket of every judicial order – specifically § 2703(d) orders – is a necessary component of the public's right of access to judicial records. The public enjoys a First Amendment right of access to certain judicial proceedings, such as a criminal trial, and a common law presumption of access to most judicial records. *See In re Knight Publishing Co.*, 743 F.2d 231, 233-35 (4th Cir. 1984); *see also Times Mirror Co. v. United States*, 873 F.2d 1210, 1219 (9th Cir. 1989) (noting there are exceptions to common law right of access). Where the public has a right of access to a proceeding or document, there is a procedural aspect to that right that requires courts to provide public notice of a decision to close the proceeding or seal the documents. *See In re Knight*, 743 F.2d at 233-34. Thus, the Fourth Circuit has held that a district court may not close the record of a civil proceeding without prior public notice. *See Stone v. Univ. of Md. Med. Sys. Corp.*, 855 F.2d 178, 180 (4th Cir. 1988) (vacating order sealing entire record in civil case and remanding for additional proceedings regarding sealing). Notice is also necessary prior to closing a post-charge criminal proceeding, such as a plea hearing. *See United States v. Soussoudis (In re Wash. Post Co.)*, 807 F.2d 383, 390 (4th Cir. 1986) (holding that *Knight* procedures must be followed for criminal plea hearings).

3

In contrast to those cases, where a right of access to the proceeding or documents existed, Judge Buchanan here correctly held that there is no First Amendment right of access to § 2703(d) orders. *See In re Application of the United States of America for an Order Pursuant to 18 U.S.C. § 2703(d)*, No. 11-ec-3, at *19 (Mar. 11, 2011) ("Mar. 11 Opinion"); Gov'ts Resp. To Objections of Three Twitter Subscribers to Magistrate Judge's March 11, 2011, Opinion Denying Motion to Vacate and Denying in Part Motion to Unseal ("Gov'ts Mar. 11 Resp.") at 25-29.  Judge Buchanan also held there is no common law right of access to any sealed § 2703(d) orders. *See* Mar. 11 Opinion at 17-18 ("Because the government's interested in keeping these documents sealed for the time being outweighs the petitioners' interest in accessing them, there is no common law right of access to the requested judicial records."); Gov'ts Response to Objection of Real Parties in Interest to Magistrate Judge Buchanan's May 4, 2011 Order on Public Docketing ("Gov'ts May 4 Resp.") at 8-11.

Where no right of access to the materials at issue exists, there is no legal basis for requiring an itemized public docket. *See Globe Newspapers v. Pokaski*, 868 F.2d 497, 509 (1st Cir. 1989) ("[T]he First Amendment attaches only to those records connected with proceedings about which the public has a right to know.").  Accordingly, courts have not required itemized docketing of records to which the public has no right of access. *See In re: Motion of Dow Jones & Co.*, 142 F.3d 496, 504 (D.C. Cir. 1998) (grand jury records); *see also In re Boston Herald, Inc.*, 321 F.3d 174, 189 (1st Cir. 2003) (Criminal Justice Act appointment records); Tim Reagan and George Cort, *Sealed Cases in the Federal Courts* ("*Sealed Cases*") 23-25 (Federal Judicial Center 2009) (noting numerous types of judicial proceedings that are sealed and not docketed, such as orders appointing commissioners and letters rogatory).  For instance, subpoenas are not

4

docketed at all unless a motion to quash is filed, despite the fact that grand jury subpoenas are

issued by the court.[2]  In a nationwide survey, a study published by the Federal Judiciary Center

found that 43% of miscellaneous district court matters were not entered into the Electronic Case

Filing system.  *Sealed Cases* at 23.[3]

Moreover, assuming some right of access to the underlying documents exists, it does not

follow that contemporaneous public docketing of every individual filing in a sealed matter is

required.  For instance, the Fourth Circuit has stated that a court may close the courtroom after an

oral announcement of its intention to close the proceeding.  *See In re Knight*, 743 F.2d at 235.

Moreover, a court may keep records temporarily under seal while it decides a motion regarding

public access.  *See id.* at 235 n.1.  As the rules of this Court recognize, an entire case may be

sealed for a period of time.  *See* E.D. Va. Local Crim. R. 49(G).  While the case is under seal,

---

[2]As the government noted in prior briefing, a grand jury subpoena is issued by the court, not the grand jury itself.  *See Brown v. United States*, 359 U.S. 41, 49 (1959), *overruled on other grounds* by *Harris v. United States*, 382 U.S. 162 (1965); *see also* Fed. R. Crim. P. 17; E.D. Va. Local Crim. R. 17.

[3]Of course, there may be instances where matters such as letters rogatory have been publicly docketed.  Much like the subscribers' examples of docketed § 2703(d) applications and orders, *see* June 1 Objections at n. 10, however, these examples do not prove the subscribers' argument.  A district might choose to docket a particular matter and docket it in a manner that exceeds the requirements of the First Amendment and common law.  Thus, the existence of individual docketed § 2703(d) matters in other districts is not evidence of a legal obligation.  For instance, the dockets of the old, unsealed § 2703(d) orders attached to the subscribers' pleading fail to evidence a systemic docketing practice that was legally required by the magistrate judge's decision in *In re Sealing and Non-Disclosure of Pen/Trap/2703(D) Orders*, 562 F. Supp. 2d 876, 895 (S. D. Tx. 2008).  In fact, the opinion in that case dealt with sealing.  It did, however, describe how that district's criminal docket for § 2703(d) and other *ex parte* investigative orders worked.  According to the court, such *ex parte* orders were docketed in a "Green Book," as an "M" case number, under which the Government's application, affidavits, supporting material, and court orders (e.g. extensions and sealing) were typically filed.  When "Green Book" entries were transferred to the publicly-accessible electronic docket, CM/ECF, sealed cases were designated only by case number and type of case, e.g., "H-08-218M Pen Register."  *Id.* at 878.

individual docket entries are not published, and the case only appears on the "sealed case list." *See* "Tracking Motions to Seal," March 2004, *available at* http://www.vaed.uscourts.gov/ courtdocs/MotionsToSeal.pdf.

Delayed docketing of investigative matters is also routine.  Search warrant papers need not be docketed until after the return is filed with the Court, which can be days or even weeks after a search warrant is issued.  *See Baltimore Sun v. Goetz*, 886 F.2d 60, 65 (4th Cir. 1989); *see also* E.D. Va. Local Crim. R. 49(B).  This is with good reason, as the premature disclosure of the target of a grand jury investigation could lead to the destruction of evidence.  *See Media Gen. Operations v. Buchanan*, 417 F.3d 424, 429 (4th Cir. 2005).  Similarly, premature disclosure of the recipient of process may lead to witness tampering.  *See* Gov't's May 4 Resp. at 15-18.

Further, an itemized, contemporaneous public docket of an ongoing investigative proceeding is not required by Federal Rule of Criminal Procedure 55.  Unlike for search warrants, no rule specifically governs the filing of § 2703(d) order materials with the clerk.  *See* Fed. R. Crim. P. 41; *see also Baltimore Sun*, 886 F.2d at 65 (noting that Rule 41(g) facilitates common law qualified right of access to judicial records by requiring the filing of search warrant returns by the clerk).  Rule 55 requires that the clerk of the court maintain records related to every court order or judgment.  The subscribers contend that this rule requires the public docketing of every court order or judgment.  The subscribers, however, conflate the clerk's record keeping system with the public docket.  Moreover, the subscribers have cited no form or rule of the Administrative Office of the United States Courts that requires itemized public docketing of sealed investigative proceedings.  *See* Fed. R. Crim. P. 55.  As noted above, around the country courts enter thousands of matters into their record-keeping systems that are not

publicly docketed.  *Sealed Cases* at 23.

The subscribers argue that Judge Buchanan held the law requires "a publicly available docket number."  *See* June 1 Objections at 18-21.  That is not the case.  Judge Buchanan's June 1 Opinion indicated that the court had instituted a new docketing procedure which dockets "each case except those before the grand jury."  June 1 Opinion at 1.  Judge Buchanan also indicated that, after exhaustively researching the issue, she concluded that "a docket entry must note that a sealing order has been entered."  *Id.* at 1-2.  Though the June 1 Order did not explicitly state the legal basis for that conclusion, it cannot be either a First Amendment or common law right of access to the underlying sealed records, as Judge Buchanan had already held no such rights existed, and, in any event, any such rights were outweighed by countervailing government interests.  *See* March 11 Opinion at 17-18.  Of course, the Court is free to docket records in the manner it chooses, or that the Administrative Office of the United States Courts prescribes.  *See* Fed. R. Crim. P. 55.  It is unclear whether the Guide to Judiciary Policy and Procedures, which is cited in the June 1 Opinion but unavailable to the parties, mandates docketing of these records in a particular manner, or whether Judge Buchanan was simply applying Local Criminal Rule 49, which requires any request to seal be filed with the court and docketed.  *See* E.D. Va. Local Crim. R. 49(A)-(B).  Regardless of the basis for Judge Buchanan's decision, as she noted, no source of law reviewed by Judge Buchanan or cited by the subscribers establishes a right to an itemized, public docket in a sealed case.  June 1 Opinion at 2.

The subscribers next argue that the Court's "ec" docketing system, which provides additional public notice beyond that required by caselaw, does not provide sufficient information for them to challenge the sealing of individual § 2703(d) orders.  *See* June 1 Objections at 11.

7

However, the "ec" system provides the same information as the "running list" used by the clerks office for sealed search warrants and sealed cases.  When the return from a sealed search warrant is filed, the clerk's office dockets the case as "United States v. Under Seal."  If the case is unsealed, the clerk's office will edit the docket entry to indicate the address that was searched, *e.g.*, United States v. 123 John Doe St., Alexandria, VA.  However, the clerk's office does not publicly docket, either in CM/ECF or on the running list, individual items filed with the search warrant.  For instance, the search warrant application and the accompanying affidavit are not separately docketed.  Rather, once the case is unsealed, an individual can ask to review the documents by requesting them using the search warrant number assigned.  If this procedure is sufficient for matters governed by Rule 41, where there is a specific remedy for violations, *see* Fed. R. Crim. P. 41(g)-(h), it is also sufficient for § 2703(d) orders, where Congress tightly circumscribed the existence of remedies.  *See* 18 U.S.C. § 2708.

This is also the same procedure used for sealed cases.  When the government moves to seal a case pursuant to Local Criminal Rule 49(G), the only information provided on the docket is the name "United States v. Under Seal," a case number, the date the case was filed, and the judge assigned.  *See* "Tracking Motions to Seal," March 2004, *available at* http://www.vaed.uscourts.gov/ courtdocs/MotionsToSeal.pdf.  If these procedures are adequate for the sealing of an entire criminal case, they are necessarily adequate for a sealed documents in an ongoing investigation.

At bottom, the procedural component of the common law presumption of access exists to ensure adequate public notice of sealed records.  Putting aside the issue of docketing entirely, there can be no doubt that the subscribers have objected to the sealing of any records related to

them in this investigation, and that Judge Buchanan rejected their objections.  *See In re*

*Application of the United States of America for an Order Pursuant to 18 U.S.C. § 2703(d)*, No.

11-ec-3 (Mar. 11, 2011).  What the subscribers seek, then, is not an opportunity to object but "an

index that catalogues the proceedings" and a "publication that provides the public and press with

notice of case developments."  *See* June 1 Objections at 9.  This request improperly seeks a

roadmap of an ongoing grand jury investigation, potentially compromising that investigation for

little to no additional public benefit.[4]  *See* March 11 Opinion at 17-19; June 1 Opinion at 2;

Gov'ts May 4 Response at 14-18.[5]

---

[4]Congress recognized the potential damage to investigations that collateral litigation over § 2703 and other matters within the Electronic Communications Privacy Act could have, and took steps to avoid it.  *See* 18 U.S.C. § 2712(e)(1) (requiring stay of any action alleging ECPA violation if civil discovery would "adversely affect the ability of the Government to conduct a related investigation or the prosecution of a related criminal case").

[5]The remainder of the subscribers' objections are not objections to Magistrate Judge Buchanan's order, but rather additional refutation of the Government's response to the their May 4 Objections.  *See* June 1 Objections at 17-22.  Those issues need not be re-litigated here.  *See* Gov'ts May 4 Resp. at 14-18.

### III. CONCLUSION

For the reasons stated, the subscribers' request for an Order directing the Clerk's office to provide individual public docket entries for any sealed document related to a § 2703(d) order related to entities other than Twitter should be denied, and the subscribers' objections should be overruled.

Respectfully submitted,

Neil H. MacBride
United States Attorney

By: _____/s/_____
Andrew Peterson
Tracy Doherty-McCormick
John S. Davis
Assistant United States Attorneys
United States Attorney's Office
2100 Jamieson Avenue
Alexandria, Virginia  22314
(703) 299-3700

10

<u>CERTIFICATE OF SERVICE</u>

     I HEREBY CERTIFY that a true copy of the foregoing Opposition was filed with the Clerk of the Court on June 2, 2011, and a copy of this filing was e-mailed to opposing counsel via the Court's CM/ECF system:

John K. Zwerling
Stuart Sears
Zwerling, Liebig & Moseley, P.C.
108 N. Alfred Street
Alexandria, VA 22314
JZ@Zwerling.com
Counsel for Jacob Appelbaum

Nina J. Ginsberg
Dimuro Ginsberg P.C.
908 King Street, Suite 200
Alexandria, VA 22314
nginsberg@dimuro.com
Counsel for Rop Gonggrijp

Rebecca K. Glenberg
ACLU of Virginia Foundation, Inc.
530 E. Main Street, Suite 310
Richmond, VA 23219
rglenberg@acluva.org

Johnathan Shapiro
Greenspun, Shapiro, Davis, & Leary
3955 Chain Bridge Rd
Second Floor
Fairfax, VA 22030
Js@greenspunlaw.com
Counsel for Birgitta Jonsdottir

              /s/
_____
Andrew Peterson
Tracy Dohery-McCormick
John S. Davis
Assistant United States Attorneys
2100 Jamieson Avenue
Alexandria, VA 22314
Phone: (703) 299-3700
Fax: (703) 299-3982