UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

IN RE APPLICATION OF THE UNITED
STATES OF AMERICA FOR AN ORDER
PURSUANT TO 18 U.S.C. § 2703(d)

Misc. No. 10GJ3793
No. 1:11DM3
No. 1:11EC3

**REPLY IN SUPPORT OF OBJECTIONS OF REAL PARTIES IN INTEREST TO
MAGISTRATE'S JUNE 1, 2011 ORDER ON PUBLIC DOCKETING**

## TABLE OF CONTENTS

**TABLE OF AUTHORITIES** ........................................................................................ ii

**INTRODUCTION** ......................................................................................................1

**ARGUMENT** ...........................................................................................................2

**CONCLUSION** .......................................................................................................13

# TABLE OF AUTHORITIES

**Cases**

*Baltimore Sun Co. v. Goetz*,
    886 F.2d 60 (4th Cir. 1989) ......................................................................... 3, 7, 8, 10

*Globe Newspaper Co. v. Pokaski*,
    868 F.2d 497 (1st Cir. 1989) .................................................................................... 7

*Hartford Courant Co. v. Pellegrino*,
    380 F.3d 83 (2d Cir. 2004) ............................................................................. passim

*In re Boston Herald, Inc.*,
    321 F.3d 174 (1st Cir. 2003) .................................................................................... 7

*In re Knight Publ'g Co.*,
    743 F.2d 231 (4th Cir. 1984) ................................................................................... 3

*In re Sealing and Non-Disclosure of Pen/Trap/2703(d) Orders*,
    562 F. Supp. 2d 876 (S.D. Tex. 2008) .................................................................... 3

*In re Search Warrant for Secretarial Area Outside the Office of Thomas Gunn*,
    855 F.2d 569 (8th Cir. 1988) ................................................................................... 4

*In re State-Record Co., Inc.*,
    917 F.2d 124 (4th Cir. 1990) ....................................................................... 4, 10, 11

*Media Gen. Operations, Inc. v. Buchanan*,
    417 F.3d 424 (4th Cir. 2005) ............................................................................ 3, 12

*Nixon v. Warner Commc'ns, Inc.*,
    435 U.S. 589 (1978) ................................................................................................ 8

*Stone v. Univ. of Md. Med. Sys. Corp.*,
    855 F.2d 178 (4th Cir. 1988) ......................................................................... passim

*United States v. Amodeo*,
    44 F.3d 141 (2d Cir. 1995) ...................................................................................... 8

*United States v. Ochoa-Vasquez*,
    428 F.3d 1015 (11th Cir. 2005) ........................................................................... 5, 8

*United States v. Rosen*,
    487 F. Supp. 2d 703 (E.D. Va. 2007) ..................................................................... 2

*United States v. Soussoudis* (*In re Wash. Post Co.*),
    807 F.2d 383 (4th Cir. 1986) ................................................................................... 3

*United States v. Valenti*,
   987 F.2d 708 (11th Cir. 1993) .................................................................................. 4

*Va. Dep't of State Police v. Wash. Post*,
   386 F.3d 567 (4th Cir. 2004) ......................................................................... 2, 5, 9

**Statutes**

18 U.S.C. § 2703 ................................................................................................... passim

**Other Authorities**

Tim Reagan & George Cort, Fed. Judicial Ctr., *Sealed Cases in Federal Courts* (2009) .............. 9

**Rules**

E.D. Va. Local Crim. R. 49(G) .......................................................................... 9, 10

Fed. R. Civ. P. 79 ................................................................................................... 12

Fed. R. Crim. P. 55 ................................................................................................ 12

Fed. R. Crim. P. 55, advisory committee's note to 1966 amendment .......................................... 12

# INTRODUCTION

The requirement that all judicial records be publicly docketed is a cornerstone of our judicial system and a necessary prerequisite to the public's First Amendment and common law right to access the courts.  Public docketing is essential because it allows the public to remain informed about what is happening in the courts and thereby to keep a "watchful eye" on the operation of the government.  Without public docketing, including the name and date of all documents filed with or issued by the Court (redacted as necessary), the public would have no notice or opportunity to challenge the sealing of specific court records, and the right of public access would be eviscerated.  The Fourth Circuit has therefore repeatedly made clear that public docketing of all judicial records, including already-sealed documents, is required.

Despite this unambiguous requirement and the important values it protects, the Magistrate's June 1 Order failed to require public docketing for all of the electronic communications orders and related documents at issue in this matter.  That was error.

In support of the June 1 Order, the government urges this Court to create a new exception for § 2703 orders to the longstanding rule requiring public docketing of judicial records.  Along the way, it conflates sealing and docketing, ignores settled precedent, and even attempts to relitigate the Magistrate's ruling that some public docketing was required in the first instance. The Fourth Circuit has expressly rejected previous government attempts to create exceptions to the public docketing requirement, including in other pre-indictment, investigative contexts.  This Court should similarly reject this latest effort.

The docketing of each order issued by the Court and each document filed with the Court is critical to providing the public with notice and an opportunity to contest any sealing attempts. The Court should therefore overturn the Magistrate's decision and issue an Order requiring the Clerk's Office to provide a public docket identifying the name and date of all electronic

communications orders and related documents filed with the Court in this matter, including

documents related to any § 2703 orders to companies other than Twitter, redacted if necessary.

**ARGUMENT**

Although the Magistrate's May 4 Order correctly required docketing of each judicial

record related to the § 2703 Order to Twitter, the June 1 Order failed to require similar

individualized public docketing for any other § 2703 orders issued to other companies in this

matter.  Instead, all it required is that the public docket reflect the case number assigned to those

matters and the fact that they have been sealed in their entirety.  The inadequacy of that

docketing is the subject of Parties' Objections.

Rather than focusing on that issue, the government's principal argument in response is

that no public docketing is required for sealed § 2703 orders or related documents because public

docketing of properly-sealed judicial records is allegedly not required.  *See* Govt's Resp. to

Objections of Real Parties in Interest to Magistrate's June 1, 2011 Order on Public Docketing,

Dkt. No. 67 ("Govt's Resp."), at 3-4.  That position is contrary to well-established Fourth Circuit

caselaw, and it was correctly rejected by the Magistrate.  Public docketing of judicial records is

required whether or not the underlying records can properly be sealed.  The Fourth Circuit has

emphasized that the common law right of access attaches to "'all judicial records and

documents.'"  *Va. Dep't of State Police v. Wash. Post*, 386 F.3d 567, 575 (4th Cir. 2004)

(quoting *Stone v. Univ. of Md. Med. Sys. Corp.*, 855 F.2d 178, 180 (4th Cir. 1988)).[1]  Public

---

[1] Although the government contends that the common law right of access applies only to "most judicial records," Govt's Resp. at 3, the Fourth Circuit has expressly stated that the common law right of access attaches to "'all judicial records and documents,'" not just to "most" judicial records. *Va. Dep't of State Police*, 386 F.3d at 575 (quoting *Stone*, 855 F.2d at 180).  That is especially the case with respect to judicial orders like the § 2703 orders at issue here. *See, e.g.*, *United States v. Rosen*, 487 F. Supp. 2d 703, 715-16 (E.D. Va. 2007) ("[R]equiring a judge's rulings to be made in public deters partiality and bias . . . . In short, justice must not only be done, it must be seen to be done."); *In re Sealing and Non-Disclosure of Pen/Trap/2703(d)*

docketing is an essential component of this right.  Without it, there would be no way for the

public to contest any attempts to seal documents.  The Fourth Circuit has therefore repeatedly

made clear that courts must publicly docket all judicial records, including sealed ones, in a

manner that "give[s] the public notice" of each document sealed or sought to be sealed, sufficient

to give the public "a reasonable opportunity to challenge" the sealing of each document.  *Stone*,

855 F.2d at 181-82; *see also Baltimore Sun Co. v. Goetz*, 886 F.2d 60, 65 (4th Cir. 1989)

(reiterating that public docketing is required, even in the context of confidential search warrant

affidavits); *United States v. Soussoudis* (*In re Wash. Post Co.*), 807 F.2d 383, 390 (4th Cir. 1986)

(confirming public docketing requirement in connection with sealing of affidavits and other

classified documents associated with criminal plea and sentencing hearings, despite allegations

of harm to national security).  That is true regardless of whether the public would prevail on a

challenge to the sealing.  *See, e.g.*, *Media Gen. Operations, Inc. v. Buchanan*, 417 F.3d 424, 429-

30 (4th Cir. 2005) (upholding the sealing of the search warrant affidavits at issue in that case, but

reaffirming the Fourth Circuit requirement that the public be provided with "notice and

opportunity to object to sealing of public documents" through public docketing); *In re Knight

Publ'g Co.*, 743 F.2d 231, 235-36 (4th Cir. 1984) (affirming district court's order sealing certain

portions of documents on grounds that sealing was appropriate and that public notice and an

opportunity to be heard had been provided).

Despite this clear caselaw, the Magistrate's Memorandum Opinion and the government

both claim that there is "no case," June 1 Memorandum Opinion at 2 (Dkt. No. 60), and "no

source of law," Govt's Resp. at 7, establishing a public docketing requirement for individual

---

*Orders*, 562 F. Supp. 2d 876, 891-92 (S.D. Tex. 2008) (labeling § 2703(d) orders "'top drawer'
judicial records," subject to the highest presumption of access, because they are "documents
authored or generated by the court itself").

judicial records filed with or issued by the Court.  As these cases and similar cases from the Fourth Circuit make clear, that position is not correct.  Moreover, numerous related cases from the Fourth Circuit and other circuits establish that even where the sealing of individual documents may be warranted, completely secret, sealed dockets are not permissible and individual docket entries must be provided.  *See, e.g.*, *In re State-Record Co., Inc.*, 917 F.2d 124, 129 (4th Cir. 1990) (vacating district court's order sealing entire docket sheet in a criminal case, and remarking that "we can not understand how the docket entry sheet could be prejudicial" when it contains "harmless" information); *Hartford Courant Co. v. Pellegrino*, 380 F.3d 83, 93, 96 (2d Cir. 2004) (rejecting a secret criminal docket system and holding that the First Amendment requires that docket sheets be presumptively open, with individual docket entries); *United States v. Valenti*, 987 F.2d 708, 715 (11th Cir. 1993) (invalidating a federal court's use of a parallel sealed criminal docket, and condemning that procedure for "effectively preclud[ing] the public and the press from seeking to exercise" their right of access); *In re Search Warrant for Secretarial Area Outside the Office of Thomas Gunn*, 855 F.2d 569, 575 (8th Cir. 1988) (holding that sealing of district court docket sheets was "improper").  Neither the government's brief nor the Magistrate's Memorandum Opinion addresses these cases rejecting sealed docketing.  That failure is telling:  blanket sealing of entire docket sheets is not permissible under the caselaw.

In arguing that the non-Twitter § 2703 orders and related documents should not be subject to public docketing, the government conflates docketing with sealing.  If, as the government suggests, the necessity of public docketing turned on whether the underlying documents were properly sealed, the whole purpose of public docketing would be rendered

futile, as the public would only be entitled to notice of instances in which sealing had already

been deemed to be improper.[2]

As Parties explained in their Objections, *see* Objections of Real Parties in Interest to

Magistrate's June 1 Order on Public Docketing, Dkt. No. 64 ("Objections"), at 8-14, for this

notice and opportunity actually to be provided, there must be individual docket entries for each

judicial record filed with or issued by the Court. The Fourth Circuit's requirement that a party

seeking to seal a document present "specific facts and circumstances" to justify sealing with

respect to "each" specific document that the government wishes to keep secret necessarily

requires public docketing of each specific document even if that document is properly sealed.

*Va. Dep't of State Police*, 386 F.3d at 576, 579; *see also Stone*, 855 F.2d at 181 (requiring

provision of notice, weighing of competing interests, and statement of reasons with respect to

sealing of "each document"). This individualized docketing is necessary because by providing

an "index to judicial proceedings and documents," docket sheets "endow the public and press

with the capacity to exercise their rights guaranteed by the First Amendment." *Hartford*

*Courant*, 380 F.3d at 93; *see also United States v. Ochoa-Vasquez*, 428 F.3d 1015, 1029 & n.15

(11th Cir. 2005) (explaining that docket sheets serve as an "index" that catalogues the

---

[2] In addition to conflating docketing with sealing, the government also improperly conflates the two prongs of the sealing analysis. The government suggests that the Magistrate held that the common law right of access categorically does not attach to any § 2703 orders, and that there is therefore no need to docket them. *See* Gov't's Resp. at 4 ("Judge Buchanan also held there is no common law right of access to any sealed § 2703(d) orders."). That is not correct. The Magistrate's March 11 Memorandum Opinion (Dkt. No. 38) focused on the second step of the inquiry—whether, with regard to the specific § 2703 orders at issue in this case, the government's interests in sealing heavily outweighed the Parties' and the public's interests in access. *See id.* at 17-18 (noting that "[t]he common law presumption of openness may be overcome by a countervailing government interest," and determining that the countervailing government interest in "these documents" meant that there was no right of access to the specific "requested judicial records"). By considering the specific interests in the judicial records at issue, the Magistrate implicitly recognized that the common law presumption of access attaches to § 2703 orders, as it must, given the Fourth Circuit's admonition that the right attaches to "all judicial records and documents."

proceedings and as a "publication" that "provides the public and press with notice of case developments," a role that "assumes particular importance when the court is considering sealing a proceeding or judicial record").

In the June 1 Memorandum Opinion, the Magistrate concluded that public docketing of § 2703 orders and related documents on the running list was required, but that "[n]o case" "establishes a right" to docketing of "the types of documents filed in a sealed case."  June 1 Memorandum Opinion at 2.  The Magistrate thus believed that for electronic communications matters, only a case number and whether the case is under seal needs to be disclosed to the public.  *Id.*  In defense of this conclusion, the government contends that because Parties have notice of the Twitter Order, individual public docketing is not necessary.  Govt's Resp. at 8-9. That argument misses the mark.  Parties are not challenging the docketing of the Twitter-related documents on the ec-3 docket.  Parties' Objections focus on the inadequacy of the docketing of the non-Twitter orders and documents.  Unlike the ec-3 Twitter docket, the current EC running list has no itemized entries for any non-Twitter § 2703 orders or related documents.  All it reveals is that there are other electronic communications matters that have been sealed in their entirety, without providing any other information, including whether these other matters involve § 2703 orders, pen registers, or other types of proceedings.  That is insufficient to provide the required notice.  Among other things, absent even any generic information about the type of order at issue, the public has no way of knowing what legal standards or principles apply, making it impossible either to bring a challenge or adequately to determine if a challenge is appropriate.

The government attempts to justify the Magistrate's decision by pointing to grand jury documents and Criminal Justice Act ("CJA") records as examples of records for which docketing

is not required.  Govt's Resp. at 4.  As the Parties discussed in their Objections, however, § 2703 orders are not grand jury records, and courts have recognized that the grand jury context is unique and subject to special rules not applicable to judicial records like the § 2703 documents at issue here.  *See* Objections at 18-21; *Baltimore Sun*, 886 F.2d at 65 (contrasting the "rule of secrecy that is imposed with clearly defined exceptions on matters occurring before a grand jury" with the silence of the federal rule governing search warrants, and holding that as a result of that silence, the ordinary common law right of access applied to search warrant materials); *Hartford Courant*, 380 F.3d at 96 ("The only decision denying a First Amendment right to public docketing concerned grand jury proceedings, which the Supreme Court has emphasized are entitled to a presumption of secrecy.").[3]

The treatment of CJA records is similarly irrelevant.  CJA records are non-adjudicative, administrative documents that do not qualify as judicial records for right of access purposes.  *See In re Boston Herald, Inc.*, 321 F.3d 174, 187 (1st Cir. 2003) ("CJA eligibility determinations, if they are judicial at all, lie far from the core of judicial power or the merits of the criminal case."); *id.* at 189 ("The common law presumption is limited to 'judicial records.'  As we have established already, we do not think that CJA eligibility documents qualify as such.  Rather, they are administrative paperwork generated as part of a ministerial process ancillary to the trial. While the review of these documents is conducted by a district judge or magistrate judge, that role could have been assigned to another institution.").

Section 2703 orders and related documents, by contrast, are judicial records for purposes of the right of access because they relate to judicial determinations that affect an individual's

---

[3] *Globe Newspaper Co. v. Pokaski*, 868 F.2d 497 (1st Cir. 1989), cited by the government in support of its claim that public docketing is not required for any properly sealed documents, does not stand for that proposition.  It merely held that a court need not "assess the interests for and against the disclosure of [grand jury] 'no bill' records" because there is no First Amendment right of access to grand jury records.  *Id.* at 509.

substantive rights.  *See Baltimore Sun*, 886 F.2d at 65 (holding that search warrant affidavits are judicial records subject to the right of access); *Stone*, 855 F.2d at 180-81 (including documents filed by litigants in the court record as "judicial records"); *United States v. Amodeo*, 44 F.3d 141, 145 (2d Cir. 1995) (holding that documents filed with courts that are "relevant to the performance of the judicial function and useful in the judicial process" are judicial records).

In addition to providing the public with the opportunity to challenge sealing attempts, courts have recognized that the right of access is necessary to keep the public informed about the court system and the operation of government.  This purpose is one with constitutional dimension.  *See, e.g.*, *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978) (holding that the right of access serves "the citizen's desire to keep a watchful eye on the workings of public agencies . . . [and] the operation of government."); *Hartford Courant*, 380 F.3d at 93 (holding that by providing an "index to judicial proceedings and documents," docket sheets "endow the public and press with the capacity to exercise their rights guaranteed by the First Amendment."). It exists whether the underlying document being docketed has been sealed properly, improperly, or not at all.  *See Ochoa-Vasquez*, 428 F.3d at 1029 & n.15 (explaining that docket sheets serve as an "index" that catalogues the proceedings and as a "publication" that "provides the public and press with notice of case developments," a role that "assumes particular importance when the court is considering sealing a proceeding or judicial record").

In contrast to the conclusion of these courts, the June 1 Memorandum Opinion declares that "individual docket entries . . . would be of no real value to the public, other than providing fodder for rank speculation."  June 1 Memorandum Opinion at 2; *see also* Gov't's Resp. at 3 (claiming that public docketing would serve "no legitimate purpose").  That assertion ignores the very point of the right of access, a right repeatedly reaffirmed by the Supreme Court and the

Fourth Circuit. As discussed earlier, in the absence of individual docket entries, docket sheets cannot serve their essential role as an "index" and "publication" for the public, and the public cannot exercise its rightful oversight role. In short, contrary to the Magistrate's suggestion, public docketing of the documents at issue here would serve a critical role: it would allow the public to be informed about what is transpiring in the third branch of government.

Relying upon a report issued by the Federal Judicial Center, the government also attempts to buttress the Magistrate's decision by referencing examples of prior situations where courts have not engaged in public docketing. Govt's Resp. at 4-5. That report, however, does not endorse such secrecy. To the contrary, it was prepared by the Federal Judicial Center "to investigate *how* whole cases came to be sealed," and it repeatedly notes instances where excessive or unnecessary sealing has routinely taken place. Tim Reagan & George Cort, Fed. Judicial Ctr., *Sealed Cases in Federal Courts* 1 (2009); *see, e.g.*, *id.* at 31 ("Search warrants and other judicial actions pertaining to investigations are frequently sealed. Perhaps they do not need to be sealed so often, and perhaps they do not need to be sealed for so long."). Indeed, as the report notes, the Judicial Conference has recently promulgated a new policy requiring the provision of redacted docket sheets to the public even for sealed matters. *See id.* at 2.

The government also points to E.D. Va. Local Crim. R. 49(G), which references the sealing of "an entire case," in support of its claim that docket sheets can be devoid of individual docket entries. Govt's Resp. at 5-6. Although the Rule may permit the sealing of entire cases, an entire case can be sealed only if the proper procedures are followed and the proper findings made by a court, including individual sealing determinations for "each" document sought to be sealed. *See Va. Dep't of State Police*, 386 F.3d at 576, 579 (requiring specific showing to be made with respect to the sealing of each document sought to be sealed); *Stone*, 855 F.2d at 181

(same).  Because individual sealing determinations are necessary for separate documents, it follows that there must be corresponding individual docket entries.  *See In re State-Record Co.*, 917 F.2d at 129 (vacating district court's order completely sealing case and docket sheet as unconstitutionally overbroad, and remanding to district court for individual sealing determinations); *Hartford Courant*, 380 F.3d at 96 (holding that the First Amendment requires that docket sheets be presumptively open).  Whether it is proper to seal all documents in an entire case, moreover, does not speak to whether public docketing of those sealed documents is required.  Indeed, Local Rule 49 itself requires that sealing requests, even in a completely sealed case, be publicly docketed.  *See* E.D. Va. L. Crim. R. 49(D), (G).  Individual docketing of sealed documents is, thus, required, whether or not an entire case is sealed.

The other examples of a lack of public docketing that the government offers are even less relevant to the circumstances at hand.  *See* Govt's Resp. at 5.  The practice of temporarily keeping documents under seal while a sealing request is considered is a far cry from the permanent lack of docketing at issue here.  Cases approving the closure of a courtroom after a public announcement has been made are similarly unavailing because here, unlike in those proceedings, no "announcement" or other notice of sealing has been provided, meaning that public docketing is required to provide such notice.  *See Baltimore Sun*, 886 F.2d at 65 (holding that because search warrant proceedings are closed to the public, notice of sealing is given by publicly docketing the sealing order).  Finally, the failure of some courts to enter certain matters into the ECF system does not mean that the matters do not need to be publicly docketed in some manner, whether through ECF or a different medium.[4]

---

[4] Similarly, whatever procedure the Clerk's Office may follow at present for docketing search warrants is not at issue here.  The issue is whether the Court has complied with the public docketing caselaw with regard to the non-Twitter § 2703 orders and related documents.

Even if the docketing practices of some other districts were relevant to a determination of the adequacy of this Court's current docketing practices, that does not mean that public docketing is not required here, because the government acknowledges that other districts do publicly docket electronic communications matters. Govt's Resp. at 5 n.3 (discussing the Southern District of Texas's practices). Contrary to the government's contention that only "old, unsealed § 2703(d) orders" are publicly docketed in the Southern District of Texas, Govt's Resp. at 5 n.3, the current practice there is individually to docket even *sealed* § 2703 orders on public dockets accessible through the CM/ECF system. *See* Decl. of Benjamin Siracusa Hillman, Dkt. No. 64-1, Exs. C-F (providing examples of public docket sheets itemizing still-sealed filings and orders).

In its Opposition, the government again conclusorily suggests that public docketing will jeopardize its investigation, without explaining how the docketing information actually requested will do so. Govt's Resp. at 6. Indeed, the government fails to even address the fact that the only details revealed by the requested public docketing will be harmless, or that all Parties have requested is the same level of detail that has already been provided for the Twitter Order and related documents on the ec-3 docket. As Parties have explained previously, *see* Objections at 15-16, the docketing of the name and date of each of the documents filed in the ec-3 Twitter Order docket, including the still-sealed Application and still-sealed motion to unseal, has not revealed any sensitive investigative details and demonstrates that no harm to the investigation will be incurred by publicly docketing this information. That same benign information—akin to that which the Southern District of Texas dockets routinely—is all that Parties seek for the other electronic communications orders and documents in this matter. *See In re State-Record Co.*, 917 F.2d at 129 (stating that the information revealed by public docketing is "harmless").

Finally, the government attempts to avoid the public docketing requirement by claiming

that Federal Rule of Criminal Procedure 55 only requires the Clerk's Office to keep internal

records of all matters, not to provide a public docket containing such records.  Govt's Resp. at 6-

7.  The "records" referred to in Rule 55 are none other than the public docket.  *See, e.g.*, *Media*

*Gen. Operations*, 417 F.3d at 432-33 (referring to the "records" required to be kept by Rule 55 as

"public records," in the context of discussing public access to search warrant materials);

*Hartford Courant*, 380 F.3d at 93-96 (discussing longstanding state statutes mandating that

"clerks maintain records of judicial proceedings in the form of docket books," and noting that

dockets have historically been public records open to inspection);[5] *see also* Fed. R. Civ. P. 79

(entitled "Records Kept by the Clerk," and making clear that "[t]he Clerk must keep a *record*

known as the 'civil *docket*'") (emphasis added).[6]

Because even the government concedes that, at a minimum, the Clerk's Office is required

by Rule 55 to keep internal records of all proceedings in criminal matters, there is no basis to

sustain the assertion in the June 1 Memorandum Opinion that individualized public docketing of

§ 2703 proceedings would impose an undue burden on the Clerk's Office.  June 1 Memorandum

Opinion at 2.  The records at issue here are already required to be kept by the Clerk's Office; the

---

[5] The Advisory Committee Notes to Rule 55 further establish that the "records" required by that
Rule refer to the court's public "docket."  For example, the Advisory Committee Note to the
1966 Amendment to Rule 55 provides:

> Rule 37(a)(2) provides that for the purpose of commencing the running of the time for
> appeal a judgment or order is entered "when it is entered in the criminal docket." The
> sentence added here requires that such a docket be kept and that it show the dates on
> which judgments or orders are entered therein. *Cf.* Civil Rule 79(a).

An essential purpose of entering orders on the docket, therefore, is to provide notice so that the
time for appeal is known.  If orders were recorded solely in internal records, litigants and the
public would lack such notice.  Surely this is not the Rule's purpose.
[6] Fed. R. Civ. P. 79 makes clear that all "papers filed with the clerk" and all "orders" must be
entered onto the docket, and that "[e]ach entry must briefly show the nature of the paper filed,"
which is exactly what Parties have requested that the Court publicly docket in this matter.  *See*
Fed. R. Civ. P. 79(a)(2)(A), (a)(2)(C), and (a)(3).

only issue is whether the Clerk's Office now needs to make them publicly available.  The burden

of doing so will be minimal, at best.

## CONCLUSION

For the foregoing reasons, Parties respectfully request that the Court issue an Order

directing the Clerk's Office to provide public docket entries for each of the sealed documents

related to any § 2703 orders to entities other than Twitter, identifying the name and date of each

document filed with the Court, redacted if necessary.


Dated: July 8, 2011                          By:  /s/ Rebecca K. Glenberg
                                             Rebecca K. Glenberg, VSB No. 44099
                                             AMERICAN CIVIL LIBERTIES UNION
                                                 OF VIRGINIA FOUNDATION, INC.
                                             530 E. Main Street, Suite 310
                                             Richmond, VA 23219
                                             Telephone:     804.644.8080
                                             Facsimile:      804.649.2733
                                             Email: rglenberg@acluva.org

                                             Aden J. Fine (admitted *pro hac vice*)
                                             Benjamin Siracusa Hillman (admitted *pro hac
                                             vice*)
                                             AMERICAN CIVIL LIBERTIES UNION
                                                 FOUNDATION
                                             125 Broad Street, 18th Floor
                                             New York, NY 10004
                                             Telephone:     212.549.2500
                                             Facsimile:      212.549.2651
                                             Email: afine@aclu.org
                                             Email: bsiracusahillman@aclu.org

                                             Cindy A. Cohn (admitted *pro hac vice*)
                                             Lee Tien (admitted *pro hac vice*)
                                             Kevin S. Bankston (admitted *pro hac vice*)
                                             Marcia Hofmann (admitted *pro hac vice*)
                                             ELECTRONIC FRONTIER FOUNDATION
                                             454 Shotwell Street
                                             San Francisco, CA 94110
                                             Telephone:     415.436.9333 x108
                                             Facsimile:      415 436.9993

13

Email: cindy@eff.org
Email: tien@eff.org
Email: bankston@eff.org
Email: marcia@eff.org

Jonathan Shapiro
GREENSPUN, SHAPIRO, DAVIS
    & LEARY, P.C.
3955 Chain Bridge Road
Second Floor
Fairfax, VA 22030
Telephone:     703.352.0100
Facsimile:     703.591.7268
Email: js@greenspunlaw.com

**Attorneys for BIRGITTA JONSDOTTIR**

Dated: July 8, 2011

By: /s/ John K. Zwerling_____
John K. Zwerling, VSB No. 8201
Stuart Sears, VSB No. 71436
ZWERLING, LEIBIG & MOSELEY, P.C.
108 North Alfred Street
Alexandria, VA 22314
Telephone:   703.684.8000
Facsimile:    703.684.9700
Email: JZ@Zwerling.com
Email: Chris@Zwerling.com
Email: Andrea@Zwerling.com
Email: Stuart@Zwerling.com

John W. Keker (admitted *pro hac vice*)
Rachael E. Meny (admitted *pro hac vice*)
Steven P. Ragland (admitted *pro hac vice*)
KEKER & VAN NEST LLP
710 Sansome Street
San Francisco, CA 94111-1704
Telephone:   415.391.5400
Facsimile:    415.397.7188
Email: jkeker@kvn.com
Email: rmeny@kvn.com
Email: sragland@kvn.com

**Attorneys for JACOB APPELBAUM**

15

Dated:  July 8, 2011                          By:  /s/ Nina J. Ginsberg_____
                                              Nina J. Ginsberg, VSB No. 19472
                                              DIMUROGINSBERG, P.C.
                                              908 King Street, Suite 200
                                              Alexandria, VA 22314
                                              Telephone:     703.684.4333
                                              Facsimile:     703.548.3181
                                              Email: nginsberg@dimuro.com

                                              John D. Cline (admitted *pro hac vice*)
                                              LAW OFFICE OF JOHN D. CLINE
                                              115 Sansome Street, Suite 1204
                                              San Francisco, CA 94104
                                              Telephone:     415.322.8319
                                              Facsimile:     415.524.8265
                                              Email: cline@johndclinelaw.com

                                              K.C. Maxwell (admitted *pro hac vice*)
                                              LAW OFFICE OF K.C. MAXWELL
                                              115 Sansome Street, Suite 1204
                                              San Francisco, CA 94104
                                              Telephone:     415.322.8817
                                              Facsimile:     415.888.2372
                                              Email: kcm@kcmaxlaw.com

                                              **Attorneys for ROP GONGGRIJP**

16

## CERTIFICATE OF SERVICE

I hereby certify that on this 8th day of July, 2011, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following counsel of record:

Tracy D. McCormick
Andrew Peterson
U.S. Attorney's Office
2100 Jamieson Avenue
Alexandria, VA 22314
Telephone: 703-299-3175
Email: tracy.mccormick@usdoj.gov

John K. Zwerling, VSB No. 8201
Stuart Sears, VSB No. 71436
ZWERLING, LEIBIG & MOSELEY, P.C.
108 North Alfred Street
Alexandria, VA 22314
Telephone: (703) 684-8000
Facsimile: (703) 684-9700
Email: JZ@Zwerling.com
Email: Stuart@Zwerling.com

Jonathan Shapiro
GREENSPUN, SHAPIRO, DAVIS
   & LEARY, P.C.
3955 Chain Bridge Road
Second Floor
Fairfax, VA 22030
Telephone: (703) 352-0100
Facsimile: (703) 591-7268
Email: js@greenspunlaw.com

Nina J. Ginsberg, VSB No. 19472
DIMUROGINSBERG, P.C.
908 King Street, Suite 200
Alexandria, VA 22314
Telephone: 703.684.4333
Facsimile: 703.548.3181
Email: nginsberg@dimuro.com

John K. Roche
PERKINS COIE, LLP
700 13th Street, N.W., Suite 600
Washington, DC 20005
Telephone: 202-654-6200
Facsimile: 202-654-6211
Email: jroche@perkinscoie.com

Marvin David Miller
1203 Duke Street
The Gorham House
Alexandria, VA 22314
Telephone: (703) 548-5000
Email: katherine@marvinmilleratlaw.com

I also certify that on this 8th day of July, 2011, I caused the following party to be served by first-class United States mail:

Christopher Soghoian (*pro se*)
Graduate Fellow, Center for Applied Cybersecurity Research
Indiana University
P.O. Box 2266
Washington, DC 20013
Telephone: 617-308-6368

By:  /s/ Rebecca K. Glenberg
Rebecca K. Glenberg, VSB No. 44099
AMERICAN CIVIL LIBERTIES UNION
    OF VIRGINIA FOUNDATION, INC.
530 E. Main Street, Suite 310
Richmond, VA 23219
Telephone:  804.644.8080
Facsimile:   804.649.2733
Email: rglenberg@acluva.org